OPINION OF THE COURT
Jones, J.
A knife which may not come within the term “dangerous knife” under section 265.05 of the Penal Law by reason of its inherent characteristics may nonetheless be determined to fall within the statutory prescription when the circumstances of its possession including the behavior of its possessor demonstrate that the possessor himself considered it a weapon and thus a “dangerous knife” within the contemplation of the statute.
A petition was filed in Bronx County Family Court alleging that respondent had possessed a dangerous knife in violation of subdivision (2) of section 265.01 (criminal possession of a weapon with intent to use it unlawfully against another) and section 265.05 of the Penal Law (unlawful possession of a weapon by a person under 16). At the fact-finding hearing evidence was introduced that on January 31, 1980 respondent, then under 16 years of age, and another youth were observed with guns attempting,to rob a youngster and that when a passer-by went to the assistance of the youngster the two youths told him to get away or they would blow his head off. A police officer and a security officer from a nearby department store apprehended the two youths after a chase. When respondent placed his hand at his belt line one of the officers ordered him to remove his hand. When he refused to do so, after the other officer came to the assistance of the first, respondent’s resistance was overcome, his hand was removed and a knife was revealed protruding from his belt. The knife was removed, and both youths were arrested.
Family Court dismissed the charge under subdivision (2) of section 265.01 (possession with intent to use against another) but sustained the charge under section 265.05 *592 (possession by a person under 16). Following a dispositional hearing respondent was adjudicated a juvenile delinquent and placed on probation for one year. The Appellate Division reversed the order of disposition, on the law, and dismissed the petition on the ground that the knife in question was not a “dangerous knife” within the contemplation of the statute. We reverse and reinstate the order of disposition.
Section 265.05 of the Penal Law provides:
“Unlawful possession of weapons by persons under sixteen.
“It shall be unlawful for any person under the age of sixteen to possess any air-gun, spring-gun or other instrument or weapon in which the propelling force is a spring or air, or any gun or any instrument or weapon in or upon which any loaded or blank cartridges may be used, or any loaded or blank cartridges or ammunition therefor, or any dangerous knife.
“A person who violates the provisions of this section shall be adjudged a juvenile delinquent.”
The knife here in question was described by the Family Court Judge as “the kind of knife usually found in the kitchen in the home or in a place where food is served and [the kind] used for such activities as cutting steaks”. The court estimated that its blade measured five inches in length.
The statute contains no definition of the term “dangerous knife” (cf. Penal Law, § 10.00, subd 13, defining “dangerous instrument”). In the context in which it appears the term “dangerous knife” connotes a knife which may be characterized as a weapon. The title to the section refers to weapons and the other articles enumerated in it are inherently weapons or for use with weapons. It is the possession of “an instrument of offensive or defensive combat” (Webster’s Third New International Dictionary, defining “weapon”, p 2589) which is the essence of the criminal prescription.
Viewed from this perspective a knife may come within the scope of the statute in some instances because of its own characteristics. Thus, a bayonet, a stiletto, or a dag *593 ger, while each may possibly be employed for utilitarian purposes, is primarily intended for use as a weapon. Possession of such an instrument without more would fall within the scope of the statute.
Whether other knives, designed and primarily intended for use as utilitarian utensils, would come within the statutory contemplation may be determined by either of two, or perhaps other, considerations. First, as we suggested in Matter of Ricci S. (34 NY2d 775, 776), in consequence of physical modification what would otherwise be a utensil may be converted into a weapon. Alternatively, the circumstances of its possession, although there has been no modification of the implement, may permit a finding that on the occasion of its possession it was essentially a weapon rather than a utensil. The definition of a “dangerous instrument” found in subdivision 13 of section 10.00 of the Penal Law* is not made explicitly applicable to the term “dangerous knife” in section 265.05. Nonetheless, the subdivision states a sound criminological principle, that criminal behavior may be determined from the particular manner and context of activity which might be wholly innocent in other circumstances. The application of the principle may be illustrated by comparison of the factual situations in Ricci S. and in the present case.
In Ricci S. while the police were conducting a search of an apartment which they had had under surveillance in connection with suspected activity in narcotics, the defendant came on the scene. When he was being searched for possession of narcotics, the police discovered a hunting knife on his person. There was nothing in the characteristics of the knife or in the circumstances of its possession to suggest that it was other than what it appeared to be — a utilitarian hunting knife and not a weapon.
By contrast, in the present case, respondent had demonstrated his disposition to violence and criminal activity and then, when accosted, by his behavior and reluctance to give up the knife effectively manifested that he himself *594 considered it a weapon of significance to the police and not an innocent utilitarian utensil. In these circumstances Family Court was warranted in determining that the knife in question was a dangerous knife within the meaning of section 265.05 of the Penal Law.
Accordingly, the order of the Appellate Division should be reversed, without costs, and the case remitted to the Appellate Division pursuant to CPLR 5613.

 Subdivision 13 provides: “ ‘Dangerous instrument’ means any instrument, article or substance, including a ‘vehicle’ as that term is defined in this section, which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury.”