■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL SLADE, Appellant.—Mikoll, J.

Defendant was convicted after trial of criminal possession of a weapon in the third degree and promoting prison contraband in the first degree. He was sentenced to a 3-to-6-year

term of imprisonment on each count, to be served concurrent to each other and consecutive to any sentence he was serving or liable to serve at the time of sentencing.

At trial, Correction Officer Blain Supernault testified that, while defendant and other inmates at Clinton Correctional Facility were walking toward the mess hall, he observed an object in defendant's right hand. Supernault was about 7 to 8 feet from defendant at this time. Supernault said defendant turned, saw Supernault, dropped the object he was carrying and continued on his way. Supernault picked up the object, which was variously described as a homemade weapon, a shank, a homemade knife and a metal rod that was 11 to 12 inches long. An inmate called by defendant to testify stated that he was walking about five feet behind defendant at the time of the incident and did not see defendant with a shank, and in fact saw no shank at all. Subsequent to this inmate's testimony, both sides rested. At a conference in the Trial Judge's chambers concerning the charge to the jury, defendant stated that he wanted to testify and complained that his attorney did not fully investigate his claims or interview all of his witnesses. He requested that defense counsel be removed from his case. County Court denied the removal demand and granted defendant's request that he be permitted to testify, over the strong objection of defendant's attorney. Defendant took the stand, where he denied that he possessed any weapon, but admitted that he had previously been found guilty of violating prison rules when a shank allegedly had been found on his bed.

On this appeal, defendant contends that County Court committed reversible error in its instructions to the jury defining a "weapon" (Penal Law §§ 265.01, 265.02 [1]) and in setting forth the statutory presumption concerning "intent" (Penal Law § 265.15 [4]). Specifically, defendant claims that County Court erred in failing to charge the jury that it must find beyond a reasonable doubt that "the home-made knife" was a "dangerous and deadly weapon" as defined in the Penal Law. He argues that the indictment charged defendant with possession of a "dangerous and deadly weapon" (Penal Law § 10.00 [12]), not a "dangerous instrument" (Penal Law § 10.00 [1]) or any of the specific knives listed in the statute (Penal Law § 265.01 [2]). He contends, therefore, that the jury was led to believe that if they simply found that defendant possessed the homemade knife, then he was guilty as charged in the indictment. Defendant also claims that County Court's instructions concerning the statutory presumption of intent (Penal Law

§ 265.15 [4]) improperly shifted the burden of proof from the People to defendant. Finally, defendant asserts that he was not provided effective assistance of counsel.

There should be an affirmance. Defendant did not preserve the issue of the propriety of the charge concerning the presumption of intent and its consequences for our review by timely objection to that portion of the charge in County Court, when the alleged error could have been corrected (see, People v McKenzie, 67 NY2d 695, 696-697; People v Thomas, 50 NY2d 467). This is not a proper case for this court to review this issue in the exercise of its discretion in the interest of justice. Defendant contended that he never possessed the shank, which contention the jury apparently disbelieved. Defendant testified as to his knowledge that it was against prison rules for an inmate to possess such a weapon. Based on the evidence the jury, once it determined that defendant had in fact possessed a shank, could only conclude that defendant did not possess it for a legitimate purpose, but "with intent to use the same unlawfully against another" (Penal Law § 265.01 [2]).

The fact that the indictment charged defendant with possession of a "dangerous and deadly weapon" was not error. The indictment specifically referred to the weapon as a "homemade knife or spike type weapon" and named the statutory section said to be violated. Defendant was fully informed of the charge he was to defend against. The use of the term "deadly" was mere surplusage and did not add an additional element to the crime charged. The fact that the statute contains no definition of the term "dangerous knife" (see, Penal Law § 10.00 [13]), as referred to in County Court's charge, was not error. The homemade knife comes within the purview of "dangerous instrument" defined in the statute (see, supra; Matter of Jamie D., 59 NY2d 589, 593). A homemade knife illegally possessed by a prison inmate certainly could be found to be a dangerous knife or instrument; it was certainly not a mere innocent utilitarian utensil (see, Matter of Jamie D., supra, at 593). County Court's charge as a whole was not improper.

There is no merit to the claim that defendant was not adequately represented by counsel. The errors attributed to defense counsel can be characterized as tactical and do not rise to the level of inadequate assistance of counsel.

Judgment affirmed. Casey, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.