■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL LUCAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered March 26, 1990, convicting him of criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to support the conviction is unpreserved for appellate review (see, CPL 470.05 [2]). In any event, viewing the evidence in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]), since the jury was permitted to infer from the defendant's possession of the knife in question that he intended to use it unlawfully against another (see, Penal Law § 265.15 [4]; People v Gillespie, 168 AD2d 567, 568; Matter of Jamie D., 59 NY2d 589).

The defendant further contends that the trial court committed reversible error when it charged the jury, pursuant to Penal Law § 265.15 (4), that unlawful intent on the part of the defendant could be inferred from his possession of "a knife". This instruction, he asserts, precluded the jury from making a threshold determination that the knife used by the defendant was, in fact, a "dangerous knife" within the meaning of Penal Law § 265.15 (4). His failure to make an appropriate objection to the charge as given, however, renders this issue unpreserved for our review (see, CPL 470.05 [2]; People v McKenzie, 67 NY2d 695, 697; People v Arogundy, 112 AD2d 1003). In any event, we find his argument untenable. Although the Penal Law fails to define "dangerous knife" (see, Penal Law § 10.00), we find that the trial evidence clearly established that the knife in question was, inherently, a weapon, and not a utilitarian knife (see, Matter of Jamie D., 59 NY2d 589, 592, supra; People v Slade, 140 AD2d 885, 887). Moreover, the defendant's behavior demonstrated his subjective belief that his knife was, indeed, a weapon, and thus, a "dangerous knife" within the meaning of this statute (see, Matter of Jamie D., supra).

The defendant has properly preserved his final contention that the verdict was repugnant, since he alerted the trial

court to the possible error prior to the jury's discharge, thereby affording that court an opportunity to resubmit the matter to the jury to obtain a consistent verdict *(see, People v Alfaro,* 66 NY2d 985; *People v Satloff,* 56 NY2d 745). However, upon our review of the elements of the crimes as charged by the trial court, and without regard to the particular facts of the case, we find that the jury's verdict was not repugnant *(see, People v Johnson,* 70 NY2d 819, 820; *People v Green,* 71 NY2d 1006, 1008), since the defendant's acquittal on the assault counts did not negate an essential element of the weapon possession count *(see, People v Vulpis,* 173 AD2d 582, 583; *People v Rios,* 150 AD2d 620). Mangano, P. J., Harwood, Miller and Santucci, JJ., concur.