■ In the Matter of EDWARD K., a Person Alleged to be a Juvenile Delinquent, Appellant. MONROE COUNTY ATTORNEY, Respondent. [641 NYS2d 933] —Order unanimously reversed on the law without costs and petition dismissed. Memorandum: Respondent was adjudicated a juvenile delinquent on the ground that he committed an act that, if committed by an adult, would constitute the crime of criminal possession of a weapon in the fourth degree in violation of Penal Law § 265.01 (2). The petition alleges that on March 8, 1994, at the school he attended, respondent possessed "a dangerous knife with intent to use the same unlawfully against another". Annexed to the petition is, *inter alia,* a supporting deposition of the school

principal, who stated that, upon his inquiry, respondent produced "a straight blade knife with an orange handle". Respondent moved to dismiss the petition on the ground that it is legally insufficient. Respondent asserted that the petition and the supporting deposition of the school principal fail to contain the requisite nonhearsay allegations sufficient to establish that respondent possessed a dangerous knife and, therefore, fail to establish "every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]; *see also, Matter of Neftali D.*, 85 NY2d 631; *Matter of Detrece H.*, 78 NY2d 107, 109). Family Court denied the motion and, after conducting a fact-finding hearing, sustained the petition.

We reverse. The court erred in denying respondent's dismissal motion. A person is guilty of criminal possession of a weapon in the fourth degree under subdivision (2) of Penal Law § 265.01 when "[h]e possesses any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another". Although there is no statutory definition of the term "dangerous knife", the term "connotes a knife which may be characterized as a weapon" (*Matter of Jamie D.*, 59 NY2d 589, 592). Thus, "[i]t is the possession of 'an instrument of offensive or defensive combat' (Webster's Third New International Dictionary, defining 'weapon', p 2589) which is the essence of the criminal prescription" (*Matter of Jamie D., supra*, at 592). A knife such as a bayonet, stiletto or dagger may come within the scope of the statute by reason of its inherent characteristics (*see, Matter of Jamie D., supra*, at 592-593). Alternatively, a knife primarily designed and intended for use as a utensil may come within the scope of the statute when either "in consequence of physical modification" the knife has been converted into a weapon, or the circumstances of the possession, including the possessor's behavior, demonstrate that the possessor considered the knife to be a weapon rather than a utensil (*Matter of Jamie D., supra*, at 593).

Under the circumstances of this case, we conclude that the nonhearsay allegations of the petition and the supporting deposition are insufficient to bring the knife respondent is alleged to have possessed within the scope of the statute by reason of its inherent characteristics, its physical modification or the behavior of respondent. Therefore, the petition must be dismissed as jurisdictionally defective (*see, Matter of Wesley M.*, 83 NY2d 898, 899; *cf., Matter of Kurt EE.*, 199 AD2d 945, 947). (Appeal from Order of Monroe County Family Court, Bonadio, J.—Juvenile Delinquency.) Present—Green, J. P., Pine, Fallon, Doerr and Davis, JJ.