In the Matter of SEAN R., Appellant. [824 NYS2d 302]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Queens County (Lubow, J.), dated September 21, 2005, which, after a hearing, found that the appellant had committed an act which constituted the crime of unlawful possession of weapons by persons under sixteen and found that he had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree, and (2) an order of disposition of the same court dated November 9, 2005, which upon the fact-finding order, adjudged him to be a juvenile delinquent and placed him in the custody of the Office of Children and Family Services for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The nonhearsay allegations in the petition and attached depositions, if true, established that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) and committed an act which constituted the crime of unlawful possession of weapons by persons under sixteen (Penal Law § 265.05). Thus, the petition was facially sufficient (see Family Ct Act § 311.2).

The petition and the supporting depositions alleged that a

knife was recovered from the appellant's pants pocket, shortly after he threatened a fellow student with physical injury in the school cafeteria. A knife may be considered a "dangerous knife" within the meaning of the Penal Law § 265.01 (2) when the circumstances of its possession, including the behavior of its possessor, demonstrate that the possessor himself considered it a weapon, even if the knife might not otherwise be defined as a "dangerous knife" by reason of its inherent characteristics (*see Matter of Jamie D.*, 59 NY2d 589, 591 [1983]; *Matter of Patrick L.*, 244 AD2d 244, 245-246 [1997]). Here, the appellant's aggressive behavior, the specific threat of physical injury that he allegedly made against the complainant in the school cafeteria, and the fact that he appeared to be about to reach for a weapon on his person, demonstrated that the appellant considered the knife found on him to be a weapon, and thus a "dangerous knife." Penal Law § 265.15 (4) provides that possession of a "dangerous knife" is presumptive evidence of intent to use the knife unlawfully against another (*cf. Matter of Edward K.*, 226 AD2d 1097, 1098 [1996] [petition jurisdictionally defective when it alleged merely that student produced a straight blade knife upon inquiry by the principal]).

The court properly declined to suppress the knife found in the appellant's pants pocket. The complainant's specific allegations provided reasonable grounds to believe that a search of the appellant would turn up evidence that he had violated the law or school rules. The search was permissible in scope, as the measures adopted were reasonably related to the objective of the search—locating the weapon—and were not excessively intrusive (*see New Jersey v T. L. O.*, 469 US 325, 341-342 [1985]).

Viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to establish that the appellant committed the acts charged. Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*cf.* CPL 470.15 [5]). Miller, J.P., Crane, Santucci and Luciano, JJ., concur.