(March 15, 2007)

██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE JACKSON, Appellant. [831 NYS2d 596]—

Mugglin, J. Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered February 16, 2006, upon a verdict convicting defendant of the crimes of criminal trespass in the second degree, unlawful imprisonment in the first degree, criminal possession of a weapon in the third degree and menacing in the second degree.

In the early morning hours on May 14, 2005, defendant drove to a residence in the Town of Stockbridge, Madison County, where he had cohabited with his former girlfriend (hereinafter the victim) during the summer and fall of 2004. Finding the front door locked, defendant gained entry by forcing a sliding door—in the rear of the premises—out of its track. Upon discovering the victim in bed with another man, defendant took out a pocket knife, opened it and threatened the lives of both. After permitting the man to dress and leave, defendant continued to accost the victim. On this appeal, defendant contests only his convictions for criminal trespass in the second degree and criminal possession of a weapon in the third degree, arguing that the evidence was legally insufficient to support either of these convictions.

First, with respect to the conviction for criminal trespass in the second degree, we note that defendant's motion at the conclusion of the People's case did not address the legal sufficiency of the evidence with respect to this crime, rendering this issue unpreserved for appellate review (see People v Gray, 86 NY2d 10, 19 [1995]; People v Cole, 35 AD3d 911, 912 [2006]; People v Silvestri, 34 AD3d 986, 986-987 [2006]; People v Riddick, 34 AD3d 923, 924-925 [2006]). In any event, by application of well-settled principles (see People v Cabey, 85 NY2d 417, 421 [1995]; People v Bleakley, 69 NY2d 490, 494 [1987]; People v Johnson, 24 AD3d 967, 968 [2005], lv denied 6 NY3d 814 [2006]), we find no merit to defendant's argument. A prima facie case of criminal trespass in the second degree is established when the People produce evidence that a defendant "knowingly enter[ed] or remain[ed] unlawfully in a dwelling" (Penal Law § 140.15). One knowingly enters or remains unlawfully in a dwelling when he or she "is not licensed or privileged to do so" (Penal Law § 140.00 [5]). An individual is licensed or privileged

to enter a dwelling when "he [or she] has obtained the consent of the owner or another whose relationship to the premises gives him [or her] authority to issue such consent" (*People v Graves*, 76 NY2d 16, 20 [1990]; *see People v Glanda*, 5 AD3d 945, 950 [2004], *lv denied* 3 NY3d 640 [2004]). However, a person who "honestly believes that he is licensed or privileged to enter[ ] is not guilty of any degree of criminal trespass" (*People v Basch*, 36 NY2d 154, 159 [1975]).

Here, the victim and both of her parents (the owners of the premises) testified that defendant had no permission to enter. His claim of an honest belief in his privilege to enter was based on his personal belief that he still had an ongoing relationship with the victim (disputed by her), that he still had some personal belongings at the residence and that he helped the victim move a stove and couch into the residence several weeks prior to this occurrence. Viewed in the light most favorable to the People, it is evident that a reasonable person could conclude, as did this jury, that defendant entered unlawfully. A weight of the evidence analysis (*see People v Bleakley, supra* at 495)—although not argued by defendant—after according deference to the jury's credibility determinations, yields no different result (*see People v Luck*, 294 AD2d 618, 619 [2002], *lv denied* 98 NY2d 699 [2002]).

Defendant's argument that his conviction for criminal possession of a weapon is not supported by legally sufficient evidence is dependent on acceptance of his argument that his knife was not a "dangerous knife" within the meaning of the statute (*see* Penal Law § 265.01 [2]). However, a knife "may be considered a 'dangerous knife' within the meaning of . . . Penal Law § 265.01 (2) when the circumstances of its possession, including the behavior of its possessor, demonstrate that the possessor himself considered it a weapon, even if the knife might not otherwise be defined as a 'dangerous knife' by reason of its inherent characteristics" (*Matter of Sean R.*, 33 AD3d 925, 926 [2006]; *see Matter of Jamie D.*, 59 NY2d 589, 591 [1983]). Moreover, defendant's mere possession of the knife, while displaying it in an effort to instill fear, was itself presumptive evidence of his intent to use it unlawfully (*see Matter of Sean R., supra* at 926; *Matter of Jesse QQ.*, 243 AD2d 788, 789 [1997], *lv denied* 91 NY2d 804 [1997]). The testimony of the male victim that defendant gave him the choice of leaving or being killed, while he stood over him with the knife in his hand, amply supports the jury's determination.

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.