■ In the Matter of Carolina P., Appellant. [920 NYS2d 429]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Carolina P. appeals from an order of disposition of the Family Court, Queens County (Lubow, J.), dated May 3, 2010, which, upon a fact-finding order of the same court dated January 27, 2010, made after a hearing, finding that she committed an act constituting unlawful possession of weapons by persons under 16, and after a dispositional hearing, adjudged her to be a juvenile delinquent and placed her on probation for a period of 18 months. The appeal from the order of disposition brings up for review the fact-finding order dated January 27, 2010.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The petition in the subject juvenile delinquency proceeding, including the supporting deposition, provided reasonable cause to believe that the appellant committed the crime of unlawful possession of weapons by persons under 16 (*see* Family Ct Act § 311.2 [2]; Penal Law § 265.05) and contained nonhearsay allegations establishing, if true, every element of that crime as well as the appellant's commission thereof (*see* Family Ct Act § 311.2 [3]; *Matter of Jahron S.*, 79 NY2d 632, 635-636 [1992]; *Matter of Michael Grudge M.*, 80 AD3d 614 [2011]).

Among other allegations, the petition and supporting deposition alleged that the appellant possessed a "dangerous knife" and that she "put said knife down the front of her pants." A knife may be considered a "dangerous knife," under Penal Law § 265.05, when "the circumstances of its possession including the behavior of its possessor demonstrate that the possessor [her]self considered it a weapon and thus a 'dangerous knife' within the contemplation of the statute" (*Matter of Jamie D.*, 59 NY2d 589, 591 [1983]). The circumstances of the appellant's possession of the subject knife, including her behavior in placing the knife down the front of her pants, "effectively manifested that [she herself] considered it a weapon of significance to the

police and not an innocent utilitarian utensil" (*id.* at 593-594). Accordingly, the petition was facially sufficient to allege the appellant's possession of a "dangerous knife" (*id.* at 594; *see Matter of Patrick L.*, 244 AD2d 244, 246 [1997]). Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur.