■ In the Matter of THOMAS G., Appellant. [922 NYS2d 453]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Thomas G. appeals from an order of disposition of the Family Court, Richmond County (Sacco, J.), dated July 20, 2010, which, upon a fact-finding order of the same court dated June 7, 2010, made upon his admission, finding that he committed acts which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the seventh degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 11 months. The appeal from the order of disposition brings up for review the denial, after a hearing, of those branches of the appellant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the order of disposition is affirmed, without costs or disbursements.

As developed at a suppression hearing, the appellant, a student at Tottenville High School on Staten Island, was found in the locker room by a school aide at a time when he was not supposed to be there. The school aide brought the appellant to a school safety officer, who then brought the appellant to the Dean's office. At a time when the officer and the appellant were alone in the Dean's office, the appellant placed his hand down the front waistline of his pants. The officer asked the appellant to take his hand out of his pants and the appellant complied. However, the appellant placed his hand down his pants again, in the same manner, and the officer again asked the appellant to remove his hand from his pants. The appellant complied, but then put his hand down his pants for a third time. This time, the appellant slid his hand from his pants to the inside shoulder of his fleece jacket. The officer called a Sergeant into the office, and after the appellant spoke to one of his parents on the telephone, the officer asked the appellant to take off his fleece jacket. The officer patted down the pockets of the jacket and did not feel anything. However, the officer then ran his hand along the sleeves of the jacket and felt a small, hard object in one of the sleeves. The officer then opened the zipper of the jacket, observed a tear in the shoulder, turned the sleeve up, and a small cellophane bag containing a white pill fell from the sleeve.

The appellant moved to suppress the white pill, which was

determined to be Xanax, and to suppress statements he made to the officer immediately following the discovery of the white pill. The Family Court denied the motion, finding that the search of the appellant's jacket was reasonable and not disproportionate to the officer's suspicion. Further, the Family Court found that the appellant's behavior was sufficient to give the officer a valid concern as to whether the appellant was reaching for a weapon. Following the Family Court's determination, the appellant admitted that he possessed the Xanax pill without a prescription, and, pursuant to the order of disposition, was adjudicated a juvenile delinquent and placed on probation for a period of 11 months. We affirm.

Under the circumstances of this case, the officer had reasonable grounds to believe that a search of the appellant's jacket would turn up evidence that he had violated the law or school rules (*see New Jersey v T. L. O.*, 469 US 325, 341-342 [1985]). As argued by the presentment agency at the suppression hearing, the officer had reasonable grounds to believe that the appellant was concealing a weapon. Furthermore, the search of the appellant's jacket was permissible in scope and not excessively intrusive (*id.* at 341-342; *see Matter of Gregory M.*, 82 NY2d 588 [1993]; *Matter of Sean R.*, 33 AD3d 925 [2006]). Accordingly, the Family Court properly denied those branches of the appellant's omnibus motion which were to suppress physical evidence and statements to law enforcement officials. Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.