■ In the Matter of EDWIN O., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [937 NYS2d 94]—

"[A] petition is the sole instrument for the commencement, prosecution, and adjudication of [a] juvenile delinquency proceeding" (*Matter of Detrece H.*, 78 NY2d 107, 110 [1991], citing Family Ct Act § 310.1), and it must include, among other things, "a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the crime charged and the respondent's commission thereof with sufficient precision to clearly apprise the respondent of the conduct which is the subject of the accusation" (Family Ct Act § 311.1 [3] [h]). A petition is sufficient on its face when "the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the respondent committed the crime or crimes charged," and the "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [2], [3]; *see Matter of Jahron S.*, 79 NY2d 632, 635 [1992]).

Here, count one of the petition alleged that the respondent committed acts which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the fourth degree, in violation of Penal Law § 265.01 (2). Count two of the petition alleged that the respondent committed the offense of unlawful possession of weapons by persons under 16, in violation of Penal Law § 265.05. In a supporting affidavit, the arresting officer averred that at approximately 2:45 A.M., on a public street in Brooklyn, he observed the handle of a kitchen knife which he described as a machete protruding from the respondent's backpack, and thereafter removed the object, discovering that it measured approximately 14 inches in length, with a 9-inch blade, which blade was wrapped in a plastic bag.

A knife may be considered a "dangerous knife" under Penal

Law § 265.01 (2) and § 265.05 "when the circumstances of its possession including the behavior of its possessor demonstrate that the possessor himself [or herself] considered it a weapon and thus a 'dangerous knife' within the contemplation of the statute[s]" (*Matter of Jamie D.*, 59 NY2d 589, 591 [1983]; *see Matter of Sean R.*, 33 AD3d 925, 925-926 [2006]). Here, contrary to the Presentment Agency's contention, the circumstances under which the respondent allegedly possessed the kitchen knife were insufficient to demonstrate that he considered it a weapon (*see Matter of Jamie D.*, 59 NY2d 589 [1983]; *Matter of Niazia F.*, 40 AD3d 292 [2007]; *Matter of Edward K.*, 226 AD2d 1097 [1996]; *cf. Matter of Carolina P.*, 83 AD3d 847 [2011]; *Matter of Michael Grudge M.*, 80 AD3d 614 [2011]; *Matter of Sean R.*, 33 AD3d 925 [2006]).

Accordingly, the Family Court properly dismissed the petition as facially insufficient. Skelos, J.P., Hall, Austin and Miller, JJ., concur.