OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered July 26, 2012, affirmed.
In view of defendant’s knowing waiver of his right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally valid, since it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminal possession of a weapon in the fourth degree (see Penal Law § 265.01 [2]), the offense to which defendant ultimately pleaded guilty. In this regard, the accusatory instrument, which charged defendant with various offenses, including criminal trespass in the second degree and criminal possession of a weapon in the fourth degree, alleged that defendant was observed “inside the lobby of the [Housing Authority] dwelling beyond the vestibule” and a posted “No Trespassing” sign; that defendant was not a tenant in the specified building, nor an invited guest; and that the police recovered “a box cutter from the defendant and defendant stated in substance, I use it on the train for protection.”
*38 These allegations, “given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]), were sufficient for pleading purposes to establish the elements of criminal possession of a weapon in the fourth degree, including that defendant possessed a “dangerous knife” within the contemplation of Penal Law § 265.01 (2), i.e., “an instrument of offensive or defensive combat” (Matter of Jamie D., 59 NY2d 589, 592 [1983]; Matter of Patrick L., 244 AD2d 244 [1997], lv denied 91 NY2d 811 [1998] [box cutter a “dangerous knife”]). In this regard, defendant “carried the [box cutter] at a time and place where its use for a lawful purpose . . . was highly unlikely” (People v Campos, 93 AD3d 581, 582 [2012], lv denied 19 NY3d 971 [2012]), and, indeed, it would be unreasonable to infer that defendant, while trespassing in a Housing Authority dwelling, carried the box cutter to open cardboard cartons (see Matter of Antwaine T., 23 NY3d 512, 516 [2014]). Moreover, defendant’s own statement that he carried the box cutter “for protection,” “effectively manifested that he himself considered it a weapon of significance to the police and not an innocent utilitarian utensil” (Matter of Jamie D., 59 NY2d at 593-594; Matter of Carolina P., 83 AD3d 847 [2011]; People v Richards, 22 Misc 3d 798, 801-802 [Crim Ct, NY County 2008]). The jury could also infer from the facts alleged that defendant’s possession of the box cutter was “presumptive evidence of intent to use the same unlawfully against another” (Penal Law § 265.15 [4]; People v Heron, 130 AD3d 754, 755 [2015], lv denied 26 NY3d 968 [2015]).
Defendant’s untested claim that he would not use the box cutter unless absolutely necessary to lawfully defend himself does not render the weapon possession charge defective. While justification may excuse the unlawful use of a weapon, it does not excuse the unlawful possession of it (see People v Almodovar, 62 NY2d 126, 130 [1984]).
Shulmajst, J.P., Hunter, Jr. and Ling-Cohan, JJ., concur.