MEMORANDUM:
***1123 On each appeal, the order of the Appellate Term should be affirmed.
The factual allegations of a misdemeanor complaint must establish "reasonable cause" to believe that a defendant committed the charged offense (see CPL 100.40 [4 ] [b]; People v. Kalin , 12 N.Y.3d 225, 228, 878 N.Y.S.2d 653, 906 N.E.2d 381 [2009] ). Reasonable cause "exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it" ( CPL 70.10 [2 ] ).
Here, the factual allegations of each misdemeanor complaint establish reasonable cause to believe that each defendant possessed a "dangerous knife" ( Penal Law § 265.01 [2 ] ), triggering the statutory presumption of unlawful intent arising from such possession ( Penal Law § 265.15 [4 ] ). Accordingly, each accusatory instrument was sufficient to support a charge of criminal possession of a weapon in the fourth degree. Therefore, we need not address the People's alternative jurisdictional argument in People v. Edward.
STEIN, J. (concurring):
I concur on constraint of our prior precedent.
WILSON, J. (concurring in People v. McCain, dissenting in People v. Edward):
I concur in the result in People v. McCain because the officer's sworn statement attached to the complaint specifies that the "knife was activated by deponent to an open and locked position through the force of gravity," which meets the statutory *444 definition of "gravity knife" in Penal Law § 265.00 (5), and therefore a fortiori is a "dangerous knife" under Penal Law § 265.01, when subsections (1) and (2) thereof are read together.
I dissent from the result in People v. Edward for the reasons set out in Judge Simons' dissent in Matter ofJamie D., 59 N.Y.2d 589, 466 N.Y.S.2d 286, 453 N.E.2d 515 (1983).
In People v McCain : Order affirmed, in a memorandum.
***1124 In People v Edward : Order affirmed, in a memorandum.
In People v McCain: Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Feinman concur, Judge Stein in a concurring memorandum. Judge Wilson concurs in result in a separate concurring memorandum.
In People v Edward: Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Feinman concur, Judge Stein in a concurring memorandum. Judge Wilson dissents in a memorandum.