The People of the State of New York, Respondent, 
against
Jonelle Magnaye, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Diana M. Boyar, J.), rendered January 10, 2012, convicting him, upon a plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Diana M. Boyar, J.), rendered January 10, 2012, reversed, on the law, accusatory instrument dismissed, and surcharge, if paid, remitted.
Inasmuch as defendant did not waive prosecution by information, the facial sufficiency of the accusatory instrument must be evaluated under the standards which govern the sufficiency of an information (see People v Hatton, 26 NY3d 364, 368 [2015]). So viewed, the information charging criminal possession of a weapon in the fourth degree (see Penal Law § 265.01), based on allegations that police recovered a "pocket knife" from defendant's "right front pocket", was jurisdictionally defective because it did not contain allegations which, if true, would have established that the knife defendant possessed was a "dangerous knife" (see Penal Law § 265.01[2]). The pleading lacked sufficient allegations regarding defendant's behavior or the circumstances under which he possessed the "lawful" pocket knife (see People v Brannon, 16 NY3d 596, 599 [2011]; People v Herrera, 76 AD3d 891, 895 [2010], affd 16 NY3d 881 [2011]), so as to "permit a finding that on the occasion of its possession it was essentially a weapon rather than a utensil" (Matter of Jamie D., 59 NY2d 589, 593 [1983]; see Matter of Edwin O., 91 AD3d 654 [2012]; Matter of Niazia F., 40 AD3d 292 [2007]; Matter of Edward K., 226 AD2d 1097 [1996]).
People v McCain, 30 NY3d 1121 (2018), which applied the much lower reasonable cause standard applicable to a misdemeanor complaint, is distinguishable and does not require a contrary result.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 17, 2018