The People of the State of New York, Respondent,
against
Ervin Ortiz, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Alexander M. Tisch, J.), rendered September 4, 2013, convicting him, upon a plea of guilty, of criminal possession of a weapon in the fourth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Alexander M. Tisch, J.), rendered September 4, 2013, affirmed.
Treating the accusatory instrument as a complaint in evaluating defendant's jurisdictional challenge (see People v Dumay, 23 NY3d 518 [2014]), we find that the instrument was legally sufficient to charge defendant with criminal possession of a weapon in the fourth degree (see Penal Law § 265.01[2]), the offense to which he ultimately pleaded guilty. The instrument alleges that police recovered "a black kitchen knife from the defendant's pants pocket" after he was observed riding a bicycle on the sidewalk in front of a building; that the knife blade was longer than four inches; that defendant stated, in substance, "I got jumped yesterday, I carry it for protection"; and that defendant resisted arrest by "refus[ing] to place his hands behind his back and placed his hands under his body on the ground, making it difficult to handcuff him."
Giving these allegations "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), they were sufficient to provide reasonable cause to believe that defendant possessed a "dangerous knife" within the contemplation of Penal Law § 265.01(2), i.e., "an instrument of offensive or defensive combat" (Matter of Jamie D., 59 NY2d 589, 592 [1983]; Matter of Patrick L., 244 AD2d 244 [1997], lv denied 91 NY2d 811 [1998]). In this regard, defendant carried the knife "at a time and place where its use for a lawful purpose . . . was highly unlikely" (People v Campos, 93 AD3d 581, 582 [2012], lv denied 19 NY3d 971 [2012]), and his attempt to resist arrest and his statement that he carried the knife "for protection," permit an inference that defendant himself considered the knife to be "a weapon of significance to the police and not an innocent utilitarian utensil" (Matter of Jamie D., 59 NY2d at 593-594; Matter of Carolina P., 83 AD3d 847 [2011]; see People v Edward, 51 Misc 3d 36 [App Term, 1st Dept [*2]2016], affd sub nom People v McCain, 30 NY3d 1121 [2018]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 19, 2018