The People of the State of New York, Respondent,
against
Jason Alexander, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J.), rendered September 28, 2016, convicting him, upon his plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Heidi C. Cesare, J.), rendered September 28, 2016, affirmed.
The accusatory instrument was not jurisdictionally defective. Giving the instrument "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable pleading" (People v Davis, 13 NY3d 17, 31 [2009]) that it was legally sufficient to charge defendant with criminal possession of a weapon in the fourth degree. The arresting officer alleged, inter alia, that defendant was observed in front of 70 Lenox Avenue with three separately charged defendants "exchanging money and rolling a set of dice ... in a game of chance," that police recovered "a pocket knife from the defendant's right pants pocket" and that defendant stated, in substance, "I use the knife for protection." Based on these allegations, the trier of fact could infer from the circumstances of defendant's possession of the knife, as well as his statement to the police that he uses the knife for protection, that the knife qualifies as a "dangerous knife" within the contemplation of Penal Law § 265.01(2), i.e., "an instrument of offensive or defensive combat" (Matter of Jamie D., 59 NY2d 589, 592 [1983]; Matter of Patrick L., 244 AD2d 244 [1997], lv denied 91 NY2d 811 [1998]) and "not an innocent utilitarian utensil" (Matter of Jamie D., 59 NY2d at 593—594; see People v Edward, 51 Misc 3d 36 [App Term, 1st Dept 2016], affd sub nom People v McCain, 30 NY3d 1121 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 19, 2018