The People of the State of New York, Respondent,
against
Jeffrey Speights, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Gerianne Abriano, J.), rendered July 13, 2017, convicting him, upon a plea of guilty, of criminal possession of a weapon in the fourth degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Gerianne Abriano, J.), rendered July 13, 2017, affirmed.
The accusatory instrument was not jurisdictionally defective with respect to the charge of criminal possession of a weapon in the fourth degree (see Penal Law § 265.01[2]). The instrument, which charged various offenses, alleged, inter alia, that police recovered a "knife from the defendant's pants pocket" after he was observed without a ticket in a "Restricted Area" of the Port Authority Facility that is for "Bus Passengers Only"; that defendant stated, the knife is "for protection"; and that the officer also recovered a canister containing synthetic cannabinoids from the defendant's bag, which the officer knew was a synthetic drug based on his training and experience "and the defendant's statement in substance 'I only have K2.'" Accepting the allegations as true, a trier of fact could infer from the circumstances surrounding defendant's possession of the knife as well as his statement that he carries the knife "for protection," that the knife qualifies as a "dangerous knife" within the contemplation of Penal Law § 265.01(2), i.e., "an instrument of offensive or defensive combat" (Matter of Jamie D., 59 NY2d 589, 592 [1983]; Matter of Patrick L., 244 AD2d 244 [1997], lv denied 91 NY2d 811 [1998]), and not "an innocent utilitarian utensil" (Matter of Jamie D., 59 NY2d at 593-594; Matter of Carolina P., 83 AD3d 847 [2011]; see People v Edward, 51 Misc 3d 36 [App Term, 1st Dept 2016], affd sub nom People v McCain, 30 NY3d 1121 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 27, 2018