People v Hancock (2021 NY Slip Op 50330(U))

[*1]

People v Hancock (Chris)

2021 NY Slip Op 50330(U) [71 Misc 3d 133(A)]

Decided on April 16, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 16, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: McShan, J.P., Brigantti, Hagler, JJ.

570287/14

The People of the State of New York,
Respondent, 
against
Chris Hancock, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Robert M. Mandelbaum, J.), rendered February 14, 2014, after a nonjury trial,
convicting him of attempted criminal possession of a weapon in the fourth degree and disorderly
conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Robert M. Mandelbaum, J.), rendered February 14, 2014,
affirmed.
The prosecutor's information charging attempted criminal possession of a weapon in the
fourth degree (see Penal Law §§ 110, 265.01) was jurisdictionally valid
because the factual allegations in the original information establish every element of the offense
and defendant's commission thereof (see
People v Inserra, 4 NY3d 30 [2004]). The original information alleges that on a
specified street corner at 9:05 p.m., defendant was standing with other individuals, obstructing
pedestrian traffic; that he refused to leave when requested to do so, causing a crowd to gather;
and that when the police attempted to place defendant under arrest, he "twisted away, threw his
arms up and refused to put his hands behind his back thereby making handcuffing difficult"; and
that police observed that defendant was carrying a knife and that the arresting officer was cut by
said knife. 
These allegations, "given a fair and not overly restrictive or technical reading" (People v
Casey, 95 NY2d 354, 360 [2000]), were sufficient for pleading purposes to establish the
elements of criminal possession of a weapon in the fourth degree, including that defendant
possessed a "dangerous knife" within the contemplation of Penal Law § 265.01(2). The trier
of fact could infer from the circumstances surrounding defendant's possession of the knife as well
as his attempt to resist arrest that on the occasion of its possession it was essentially a weapon
rather than a utensil (see Matter of Jamie D., 59 NY2d 589, 592 [1983]; Matter of Carolina P., 83 AD3d
847 [2011]; Matter of Patrick L., 244 AD2d 244 [1997], lv denied 91 NY2d
811 [1998]; People v Ortiz, 61 Misc
3d 133[A], 2018 NY Slip Op 51470 [App Term, 1st Dept 2018], lv [*2]denied 32 NY3d 1176 [2019]; People v Edward, 51 Misc 3d 36
[App Term, 1st Dept 2016], affd sub nom. People v McCain, 30 NY3d 1121
[2018]).
With respect to the verdict, defendant only challenges the legal sufficiency of the evidence
supporting the disorderly conduct charge. At trial, defendant made a general claim of lack of
proof that he intended to cause or recklessly created a risk of public inconvenience annoyance
and alarm in failing to move off the sidewalk when ordered to do so by police because he was
standing there videotaping the arrest of another. However, this did not preserve defendant's
present argument that he acted without the requisite mens rea because he was walking with
another officer who had retrieved his identification to write a summons. We decline to review
this unpreserved contention in the interest of justice. As an alternative holding, we reject it on the
merits, since the evidence showed that defendant disobeyed several police orders to move off the
sidewalk before an officer asked him for identification.
Similarly, defendant's contention that the trial evidence rendered duplicitous the disorderly
conduct count is a claim requiring preservation (see People v Hill, 124 AD3d 456 [2015], lv denied 25
NY3d 1073 [2015]), and we decline to review it in the interest of justice. As an alternative
holding, we reject it on the merits. The evidence at trial was consistent with the single count in
that it showed that defendant engaged in an uninterrupted course of conduct that was intended to
cause or recklessly created a risk of a potential or immediate public problem.
Nor was the verdict against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no
basis upon which to disturb the trial court's determinations concerning credibility.
Defendant's remaining arguments, to the extent preserved for appellate review, have been
considered and found to be unpersuasive.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: April 16, 2021