People v Brown (2023 NY Slip Op 50210(U))

[*1]

People v Brown (Courtney)

2023 NY Slip Op 50210(U)

Decided on March 20, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 20, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Michael, James, JJ.

570788/18

The People of the State of New York, Respondent, 
against
Courtney Brown, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (David Frey, J.), rendered August 13, 2018, convicting him, upon a plea of guilty, of criminal possession of a weapon in the fourth degree, and imposing sentence.

Per Curiam.
Judgment of conviction (David Frey, J.), rendered August 13, 2018, affirmed.
Since defendant waived prosecution by information, we assess the accusatory instrument under the standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally valid, since the factual allegations establish reasonable cause to believe that defendant possessed a "dangerous knife" (Penal Law § 265.01[2]), triggering the statutory presumption of unlawful intent arising from such possession (see Penal Law § 265.15[4]). The instrument alleged that "inside 221 East 122 Street," police recovered "one razor blade from defendant's left pants pocket"; that defendant stated the blade is "for my protection"; and that police also recovered from defendant's right pants pocket a "clear bag" containing a "rock" that the officer believed was crack cocaine. Accepting the allegations as true, a trier of fact could infer from the circumstances surrounding defendant's possession of the razor blade as well as his statement that he carries it for protection, that the item qualifies as a "dangerous knife" within the contemplation of Penal Law § 265.01(2), i.e."an instrument of offensive or defensive combat" and not "an innocent utilitarian utensil" (Matter of Jamie D., 59 NY2d 589, 593-594 [1983]; see Matter of Patrick L., 244 AD2d 244 [1997], lv denied 91 NY2d 811 [1998]; People v Edward, 51 Misc 3d 36 [App Term, 1st Dept 2016], affd sub nom People v McCain, 30 NY3d 1121 [2018]). While "[i]t would be legitimate for [defendant] to possess a package of razor blades that he might be taking home from the store for personal use . . . it is unlikely that he would carry a single unpackaged blade in his [pocket] if he intended a use other than in a fight on the street" (Matter of Patrick L., 244 AD2d at 246).
Defendant's contention that the statutory presumption of unlawful intent (see Penal Law § 265.15[4]) is unconstitutional under the Second Amendment is unpreserved (see People v [*2]Wright, — AD3d —, 2023 NY Slip Op 00510 [February 3, 2023]), as well as forfeited by his guilty plea (see People v Taylor, 65 NY2d 1, 5 [1985]; People v Thomas, 53 NY2d 338 [1981]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 20, 2023