People v Burroughs (2023 NY Slip Op 51004(U))

[*1]

People v Burroughs (Tyshawn)

2023 NY Slip Op 51004(U)

Decided on September 26, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 26, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

571018/15

The People of the State of New York, Respondent,
against
Tyshawn Burroughs, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kevin McGrath, J.), rendered September 9, 2015, convicting him, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Kevin McGrath, J.), rendered September 9, 2015, affirmed.
Since defendant waived prosecution by information, we assess the accusatory instrument under the standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid, since the factual allegations establish reasonable cause to believe that defendant possessed a "dangerous knife" (Penal Law § 265.01[2]). The instrument alleged that on October 11, 2008, at 1:35 a.m., "at the NW corner of 3rd Avenue and East 115th Street", police "recovered one (1) gravity knife from defendant's left outside jacket pocket"; and that the officer determined that the knife was a gravity knife because it opened with centrifugal force when the officer flicked his wrist "and the blade locked in the open position." When questioned, defendant stated "I use it for protection. I'm having a beef with some people. Tonight I got into an argument with some people. I carry it for protection." Accepting the allegations as true, a trier of fact could infer from the circumstances surrounding defendant's possession of the gravity knife, including the late hour and defendant's statements to police, that the item qualifies as a "dangerous knife" within the contemplation of Penal Law § 265.01(2)[FN1]
, i.e. "an instrument of offensive or defensive combat" (Matter of Jamie D., 59 NY2d 589, 592 [1983][citation omitted]) and not "an innocent utilitarian utensil" (id. at 594; see Matter of Patrick L., 244 AD2d 244 [1997], lv denied 91 NY2d 811 [1998]; People v Edward, 51 Misc 3d 36 [App Term, 1st Dept 2016], affd sub nom People v [*2]McCain, 30 NY3d 1121 [2018]). Penal Law § 265.15(4) provides that possession of a "dangerous knife" is presumptive evidence of intent to use the knife unlawfully against another (see Matter of Sean R., 33 AD3d 925, 926 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 26, 2023

Footnotes

Footnote 1: The October 2008 accusatory instrument charges defendant with possessing a weapon pursuant to Penal Law § 265.01(2), thereby requiring proof of intent to use illegally, rather than possessing a per se illegal weapon pursuant to the version of Penal Law § 265.01(1) then in effect.