People v Mannix (2023 NY Slip Op 51372(U))

[*1]

People v Mannix (Euart)

2023 NY Slip Op 51372(U)

Decided on December 18, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 18, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570308/17

The People of the State of New York, Respondent,
against
Euart Mannix, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kate Paek, J., at plea; Josh E. Hanshaft, J., at sentencing), rendered February 21, 2017, convicting him, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Kate Paek, J., at plea; Josh E. Hanshaft, J., at sentencing), rendered February 21, 2017, modified, as a matter of discretion in the interest of justice, to the extent of vacating the mandatory surcharge and fees, and otherwise affirmed.
Since defendant waived prosecution by information, we assess the accusatory instrument under the standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid, since the factual allegations establish reasonable cause to believe that defendant possessed a "dangerous knife" (Penal Law § 265.01[2]). The instrument recited that on September 18, 2015, at 8:45 p.m., "at the north east corner of 5th Avenue and East 128th Street," police recovered "a kitchen knife from defendant's left rear pants pocket." When questioned, defendant stated "I had problems with a group of kids that were across the street so I went to my grandfather's house and got a knife and came back outside. I had to protect myself." 
Accepting the allegations as true, a trier of fact could infer from the circumstances surrounding defendant's possession of the knife, and his statements to police, that the knife qualifies as a "dangerous knife" within the contemplation of Penal Law § 265.01(2), i.e. "an instrument of offensive or defensive combat" (Matter of Jamie D., 59 NY2d 589, 592 [1983][citation omitted]) and not "an innocent utilitarian utensil" (id. at 594; see Matter of Patrick L., 244 AD2d 244 [1997], lv denied 91 NY2d 811 [1998]; People v Edward, 51 Misc 3d 36 [App Term, 1st Dept 2016], affd sub nom. People v McCain, 30 NY3d 1121 [2018]). Penal [*2]Law § 265.15(4) provides that possession of a "dangerous knife" is presumptive evidence of intent to use the knife unlawfully against another (see Matter of Sean R., 33 AD3d 925, 926 [2006]).
Since defendant had multiple opportunities to withdraw his plea, and since he was aware that his plea had immigration consequences, his present challenge to his plea does not come within the narrow exception to the preservation requirement (see People v Peque, 22 NY3d 168, 182-183 [2013], cert denied 574 US 840 [2014]; People v Otunyo, 142 AD3d 865 [2016], lv denied 28 NY3d 1187 [2017]). Review of defendant's unpreserved claim in the interest of justice is unwarranted, because, even assuming that Peque applies to a misdemeanor plea, the circumstances of the plea render it highly unlikely that defendant could make the requisite showing of prejudice under Peque (see People v Peque, 22 NY3d at 198-201), if granted a hearing. 
Based on our own interest of justice powers and with the People's consent, we vacate the surcharge and fees imposed at sentencing (see People v Chirinos, 190 AD3d 434 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 18, 2023