OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*875 On March 4, 1981, Port Authority Police Officer William Gray was on duty at a passenger screening station inside the Pan American building at Kennedy Airport. An unidentified man came out of the men’s rest room near the screening station and informed the officer that there were two men in a toilet stall in the rest room. Officer Gray entered the rest room to investigate. He saw only one stall with a closed door; from a distance he looked beneath the stalls and observed only one pair of feet. Coming closer to the occupied stall, Officer Gray could hear two low male voices in conversation, but could not tell what was being said. He then attempted to peer through the space between the door and the frame. On the first side the door was blocked, as if someone were leaning against it; on the other side he could see defendant sitting on the top of the flushing unit with his feet resting on the toilet bowl. The officer then entered the adjoining stall, stood on the commode and looked down into the occupied stall. Kevin Jackson was standing inside, his back to the door, with an open glossine envelope containing white powder in his hand, and defendant was in the same position as before. Upon seeing Officer Gray, defendant dropped the envelope into the toilet. Both men were ordered out of the stall and to the rear of the rest room. A pat-down search of defendant revealed 19 "nickel bags” of heroin. Defendant was indicted for criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09). After denial of his suppression motion, he pleaded guilty to that crime and was sentenced to five years’ probation. The Appellate Division affirmed, without opinion.
The question presented is whether defendant’s Fourth Amendment rights were violated when the officer looked into the stall.
The Fourth Amendment protects all citizens "from unreasonable government intrusions into * * * legitimate expectations of privacy” (United States v Chadwick, 433 US 1, 7). It does not protect every subjective expectation of privacy, but only those that society recognizes as reasonable (Oliver v United States, 466 US 170, 177; Katz v United States, 389 US 347, 361 [Harlan, J., concurring]). Once it is resolved that the particular locale is one in which there is a cognizable expectation of privacy, the invasion of that privacy interest — including a visual one — will be a search subject to constitutional strictures (see, Smith v Maryland, 442 US 735, 740). Of course, since the Fourth Amendment protects against only unreason *876 able intrusions, a search may be justified by the existence of probable cause to believe that a crime has occurred, is occurring or is about to take place.
Persons have a reasonable expectation of privacy, for example, in their homes. The Supreme Court has also recognized a reasonable expectation of privacy in places that are nominally public, such as the interior of a public telephone booth; although available for general use, the Supreme Court recognized the booth as a place where an occupant’s expectation of privacy regarding auditory transmission is reasonable (see, Katz v United States, 389 US, at p 361 [Harlan J., concurring], supra). By the same token, an expectation of privacy in a public rest room toilet stall is reasonable. The enclosure exists precisely to insure privacy and to shield its occupant from public view (see, 1 LaFave, Search and Seizure § 2.4). Once the door is closed, an individual is entitled to assume that while inside he or she will not be viewed by others. (See also, Kroehler v Scott, 391 F Supp 1114; People v Triggs, 8 Cal 3d 884, 506 P2d 232; Buchanan v State, 471 SW2d 401 [Tex], cert denied 405 US 930; State v Bryant, 287 Minn 205, 177 NW2d 800; Brown v State, 3 Md App 90, 238 A2d 147; State v Briggar, 716 P2d 493 [Hawaii]; Commonwealth v Demchak, 251 Pa Super Ct 253, 380 A2d 473). The expectation of privacy, however, forecloses only unreasonable government intrusion.
Suspicion of criminal conduct does not negate one’s privacy interest, but particular circumstances may give rise to cause for permissible intrusion (see, People v De Bour, 40 NY2d 210, 223). Here we conclude that the circumstances present gave Officer Gray the requisite basis for looking into the stall.
Officer Gray was working in airport security. While investigating a tip, without any illegal conduct, and through application of his experience and senses, he ascertained that two men were using a single toilet stall in a manner that indicated to him that the stall was not being used for its intended purpose. There was no evidence of a wheelchair, crutches or other device that might have suggested occupancy by a handicapped person in need of assistance, and the sight of only one pair of feet rendered it unlikely that one of the occupants was ill and being helped. Officer Gray first pursued his investigation from afar, but based on what he could see and hear, he testified he suspected that the men were engaged in "a drug crime” or a "sex crime”. Such activity within the stall could abruptly *877 terminate, and evidence disappear, upon announcement of his presence.
Human imagination might conjure up possible innocent behavior within that toilet stall — defendant has suggested only the presence of an ill or handicapped person — but that cannot be the test of probable cause justifying an intrusion upon one’s privacy interest. Probable cause does not require proof to a mathematical certainty, or proof beyond a reasonable doubt. Based on the articulated, objective facts before Officer Gray, and the reasonable inferences to be drawn therefrom, it was "more probable than not” that criminal activity was taking place inside that stall (People v Carrasquilla, 54 NY2d 248, 254). His suspicions heightened by what he saw and heard from afar, the officer was not compelled to turn heel and leave the rest room, but could properly look through the spaces at the sides of the door in an effort to learn what was going on inside. When those observations served only to enhance his suspicion of illicit activity, he properly entered the adjoining stall and looked over the partition.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.