POLEN, Judge.
Appellant seeks review of the trial court’s revocation of his probation. He alleges error in the denial of his motion to suppress and in the amount of time served credited towards his sentence. We affirm in part and reverse and remand in part.
At the violation of probation hearing, probation officer Willis testified that while he was making his rounds of the probationer’s living quarters, he spotted appellant, a resident at the Palm Beach Probation and Restitution Center, sitting on a toilet in a locked stall. Willis went to the adjacent stall, stood on the toilet and looking over into appellant’s stall, observed appellant smoking from a can. Willis unlocked appellant’s stall, asked him to come out, took the can from him, searched him and arrested him. Appellant was never advised of his Miranda rights and subsequently admitted he was smoking cocaine that he purchased on his way home from work. The *960 trial court denied appellant’s motion to suppress both the cocaine and his statement, found appellant’s possession of cocaine violated the conditions of his probation and revoked his probation.
We do not accept appellant’s argument that the search was illegally based on a violation of his reasonable expectation of privacy in a locked communal stall. The issue of a “reasonable” or “justified” expectation of privacy turns on two requirements; the subjective expectation of privacy and most importantly whether the expectation is one that “society is prepared to recognize as reasonable”. Katz v. United States, 389 U.S. 347, 360, 88 S.Ct. 507, 516, 19 L.Ed.2d 576 (1967) (concurring opinion); Hudson, 468 U.S. at 525, 104 S.Ct. at 3199.
The instant scenario is more akin to the warrantless search of a jail inmate’s cell, the product of which is admissible in evidence because there was no reasonable expectation of privacy [Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)] than to a warrantless search of a probationer’s home [Grubbs v. State, 373 So.2d 905 (Fla.1979)] or the home of an individual on community control [Braxton v. State, 524 So.2d 1141 (Fla. 2d DCA 1988) ], in which case the exclusionary rule embodied in search and seizure provisions of the Florida Constitution is applicable. See State v. Cross, 487 So.2d 1056 (Fla.1986); State v. Dodd, 419 So.2d 333, 335 (Fla.1982). Appellant had no reasonable expectation of privacy.
The second point raised by appellant is whether the trial court erred in denying his request to suppress the statements made to his probation and restitution center counselor, wherein he admitted smoking the cocaine. These statements were obtained notwithstanding the counselor’s failure to give appellant Miranda warnings. We hold that in the context of a probation revocation proceeding, and given the facts of this case, the trial court did not err in failing to suppress the admissions. However, we wish to point out that if such admissions were attempted to be used in a separate criminal prosecution for the new offense of possession of cocaine, we are of the view that they would not be admissible. In the alternative, if it were found to be error not to suppress the admissions — a point which we do not reach — we would hold that such error is harmless within the context of State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We affirm the trial court’s denial of appellant’s motion to suppress.
The state concedes and we agree that the trial court erred in failing to credit appellant with the time served prior to commencement of probation. State v. Green, 547 So.2d 925 (Fla.1989). Therefore, we reverse and remand for entry of a revised sentencing order consistent with Green.
DELL and WALDEN, JJ., concur.