■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS DAYE, Appellant. [598 NYS2d 493] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), rendered October 25, 1990, which convicted defendant, after a non-jury trial, of burglary in the third degree, and sentenced him, as a second felony offender, to a prison term of 3 to 6 years, unanimously affirmed.

Since the officers possessed information which would lead a reasonable person with the same expertise as the officers to conclude, under the circumstances, that defendant was committing or had committed a crime, probable cause existed for defendant's arrest *(People v McRay,* 51 NY2d 594, 602). Here, the information included, *inter alia:* a radio transmission that a burglary was in progress, which was confirmed by three citizen witnesses, who stated that defendant had committed a burglary; observations that the defendant matched the witnesses' description of the burglar; the spontaneous identification of defendant by a witness near the scene of the crime

only minutes after the burglary occurred; and defendant's flight from the officers before being arrested. Under these circumstances, it was " 'more probable than not' " that defendant had just committed a crime *(People v Mercado,* 68 NY2d 874, 877, *cert denied* 479 US 1095). While defendant may offer innocent explanations for his behavior, that does not prevent the police from acting on their well-founded conclusions *(supra)*. Concur—Murphy, P. J., Sullivan, Carro, Kupferman and Rubin, JJ.