FRANK, Chief Judge.
Basilio Ramirez appeals from his conviction for possession of cocaine, contending the trial court erred in denying his motion to suppress. We agree and reverse.
Police officers from the Fort Myers Police Department observed Ramirez approach a man and hand him money in exchange for a substance they suspected might be drugs. Although the officers believed they possessed a founded suspicion to stop and question Ramirez, they chose not to do so. Instead, as Ramirez was departing on his bicycle, the police alerted fellow officers stationed nearby that Ramirez was heading in their direction and might be in possession of drugs.
Ramirez proceeded to a nearby farmer’s market, where he entered a public restroom. Within minutes he walked out of the restroom and returned to his bike. He retrieved a small bag containing an aluminum beer can. The police watched as Ramirez returned to the restroom, entered one of the toilet stalls and closed the door. They suspected that Ramirez was smoking crack, but without perceiving any unlawful activity or detecting smoke or the scent of burning cocaine, the police rushed into the restroom and entered Ramirez’s stall. Caught in possession of four pieces of crack cocaine, Ramirez was arrested and charged. He moved to suppress the cocaine on the grounds that his reasonable expectation of privacy in an enclosed toilet stall in a public restroom was violated. Based upon two Florida decisions “which [have] treated the toilet problem here,” the trial court disagreed with Ramirez and denied the motion to suppress.
The weight of authority runs counter to the trial court’s ruling. As soon as Ramirez entered the closed toilet stall he had a legitimate expectation of privacy which was unlawfully invaded when the police, acting prematurely, seized him with no more than a suspicion that criminal activity was afoot. See Ward v. State, 636 So.2d 68 (Fla. 5th DCA 1994); Michael R. Flaherty, Jr., Annotation, Search and Seizure: Reasonable Expectation of Privacy in Pziblic Restroom, 74 A.L.R.4th 508 (1989). Viewed in its entirety, the evidence shows that law enforcement witnessed Ramirez engage in a transaction which led the officers to believe Ramirez had just purchased drugs. Given the totality of the circumstances, the officers would have been justified in temporarily detaining Ramirez for a brief investigation. See State v. Clark, 605 So.2d 595 (Fla. 2d DCA 1992). We cannot conclude, however, that the observance of an exchange, coupled with a hunch that the suspect intends to smoke cocaine through a beer can, are sufficient to reach a finding of probable cause. See Doney v. State, 648 So.2d 799 (Fla. 4th DCA 1994); see also, Banks v. State, 594 So.2d 833 (Fla. 4th DCA 1992) (observation of bent beverage can in motel room did not give officer probable cause to conduct warrantless search). Nor did matters of exigency provide the requisite probable cause; the officers here did not have the “fresh, direct, uncontradicted evidence” of a criminal event necessary to prevail upon the exigency exception. Walker v. State, 636 So.2d 583, 584 (Fla. 2d DCA 1994) (quoting California v. Carney, 471 U.S. 386, 395, 105 S.Ct. 2066, 2071, 85 L.Ed.2d 406, 414 (1985)).
The authority that persuaded the trial court is distinguishable. In Cleveland v. State, 557 So.2d 959 (Fla. 4th DCA 1990), the court concluded that a probationer residing at a probation and restitution center did not have the same expectation of privacy inside a locked toilet stall as a nonincarcerated person because confinement at a probation center carries with it the circumscription of certain privacy rights for institutional safety and security reasons. In Moore v. State, 355 So.2d 1219 (Fla. 1st DCA 1978), the officer observed through a narrow gap in the stall door the defendant injecting a needle into his arm. In sustaining the intrusion the court concluded, “Where an officer is in a place where he has the lawful right to be and he observes within plain view a person engaged in the commission of a felony, or engaged in an activity which causes the officer reasonably to believe that a felony is then being committed, the officer has a right then and there to arrest such person.” Moore, 355 *1224 So.2d at 1220. The instant matter does not involve a place of institutional confinement nor a plain view confirmation of illegal conduct.
Accordingly, the trial court erred in denying Ramirez’s motion to suppress and we reverse.
THREADGILL and LAZZARA, JJ., concur.