(March 22, 2005)

■ The People of the State of New York, Respondent, v Glenn Ginyard, Appellant. [791 NYS2d 114]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J., at hearing; Renee A. White, J., at jury trial and sentence), rendered November 8, 2000, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The court properly denied defendant's suppression motion. A trained and experienced undercover officer observed, at close range, what reasonably appeared to be a drug transaction and reported its details to a similarly trained and experienced officer who made the arrest (*see People v Jones*, 90 NY2d 835, 837 [1997]). A woman approached a first man, who directed her to a second man (defendant), who gave her a small unidentified object in return for money and then transferred the money to a third man, who immediately entered a building. This followed the familiar pattern of a drug-selling operation, with one person

assigned to steer customers to the seller, another assigned to complete the sale, and a third assigned to secrete the proceeds. Even if we were to assume that there could be an innocent explanation for this highly suspicious sequence of events, we would still conclude that there was probable cause for defendant's arrest, because probable cause does not require proof beyond a reasonable doubt (*People v Mercado*, 68 NY2d 874, 877 [1986], *cert denied* 479 US 1095 [1987]). In addition, the arresting officer provided testimony that supported the court's finding that these events occurred at a drug-prone location.

The verdict convicting defendant of possession with intent to sell was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). Defendant's acquittal of sale charges does not warrant a different conclusion (*see People v Rayam*, 94 NY2d 557 [2000]; *People v Freeman*, 298 AD2d 311 [2002], *lv denied* 99 NY2d 582 [2003]).

The record establishes that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur— Buckley, P.J., Marlow, Ellerin, Gonzalez and Sweeny, JJ.