991 So.2d 1040 (2008)
STATE of Florida, Appellant,
v.
James POWERS, Appellee.
No. 4D07-3974.
District Court of Appeal of Florida, Fourth District.
October 15, 2008.
Bill McCollum, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellant.
Sidney Z. Fleischman of Fleischman & Fleischman, P.A., Fort Lauderdale, for appellee.
STONE, J.
We reverse an order granting Powers' motion to suppress evidence which the trial court concluded was obtained by an unreasonable search and seizure.
The facts are undisputed. Two off-duty police officers, Gross and Rose, were providing security at a Fort Lauderdale restaurant when a bathroom attendant informed them that two men had entered a toilet stall together. The attendant advised that he asked the men to leave, and they refused. He asked the officers for assistance.
*1041 At the hearing on the motion to suppress, Officer Gross described what he observed:
So, my partner and I went into the bathroom. I went in first. I saw that there was a door closed and there was four feet in one closed stall. So we looked up and the stall door was closed and you could hear the sound of two male voices in there and you could hear them snorting over and over again.
Q. And what did this indicate to you as an officer with your training and experience?
A. They're most likely doing some substance such as cocaine in the bathroom in the stall.
The officers knocked on the stall door and instructed the occupants to come out, but they refused. Officer Rose then entered the adjoining stall, stood on the toilet, and looked over. Rose saw the two men leaning over a small garbage can or paper dispenser "doing this (witness indicating)."
Rose again ordered the men "to get out of the stall." As the men came out, the officers observed one of the suspects pass a clear plastic baggie with white residue. The officers also observed a white powder on the nose of one of the suspects. The officers seized the small plastic baggie with white residue that later tested positive for cocaine.
The trial court concluded that although the officers suspected criminal activity was taking place, there was not reasonable suspicion that a crime was being committed, noting, correctly, that mere suspicion is not enough to support intrusion into one's Fourth Amendment right to be free from unreasonable search and seizure. We review these legal determinations de novo. Chaney v. State, 956 So.2d 535 (Fla. 4th DCA 2007).
Clearly, a person in a closed stall in a public restroom is entitled to be free from unwarranted intrusion. E.g. Katz v. United States, 389 U.S. 347, 360, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). However, this expectation gives way where two persons enter a stall together under circumstances reasonably indicating that they are doing drugs. See State v. Orta, 264 Wis.2d 765, 663 N.W.2d 358, 362 (2003); State v. Tanner, 42 Ohio App.3d 196, 537 N.E.2d 702, 705 (1988); Manning v. State, 957 So.2d 111 (Fla. 4th DCA 2007); Lee v. State, 868 So.2d 577 (Fla. 4th DCA 2004).
The only evidence suppressed in this case was the baggie of cocaine that the officers observed being passed as the two men exited the stall. The observation of this evidence is not the fruit of Officer Rose's overlook. Clearly, the officers had well-founded grounds to order the two men to come out of the stall, unrelated to that overlook and, in fact, they had ordered the men to exit before Officer Rose looked into the stall.
Further, without considering Officer Rose's separate observation, there was probable cause for the officers to conduct a search, as it was more likely than not that a crime was being committed, and it would be unreasonable to expect the officers to send for a warrant. See, e.g., People v. Mercado, 68 N.Y.2d 874, 877, 508 N.Y.S.2d 419, 501 N.E.2d 27 (1986). We note, with regard to Officer Rose's conduct, it could be argued that the Fourth Amendment is not implicated where the defendant's conduct is such that he or she has no reasonable expectation of privacy. See Orta, 663 N.W.2d at 362; Tanner, 537 N.E.2d at 705. In Tanner, the Ohio court concluded that the police officer was entitled to look into the toilet stall when he saw "two pairs of legs in the stall and heard sniffling sounds." Tanner, 537 N.E.2d at 705 (noting *1042 that especially because "there was no indication that anyone within the stall was handicapped or needed assistance"). The Court of Appeals of New York has also found that the officer had probable cause to peer into a restroom stall where the officer was informed that two men were in a stall together, and the officer then observed one pair of feet but heard two male voices. Mercado, 68 N.Y.2d at 877, 508 N.Y.S.2d 419, 501 N.E.2d 27.
Here, two persons are seen occupying a one person stall in a restaurant men's room, accompanied by sounds indicating the snorting of a probably illegal substance, and the two fail to comply with officers' direction to come out of the stall. The privacy expectation under these circumstances differs in kind from that of one using such a facility for its intended purpose. Although we note that this point was not raised by the state, at a minimum, the defendant's expectation of privacy under these circumstances, if any, is certainly substantially reduced.
We have considered Ramirez v. State, 654 So.2d 1222 (Fla. 2d DCA 1995), and deem it inapposite. There, the police saw Ramirez exchange money for something and then take a beer can with him to a restroom stall. "[T]hey suspected that Ramirez was smoking crack, but without perceiving any unlawful activity or detecting smoke or the scent of burning cocaine, the police rushed into the restroom and entered Ramirez's stall." Id. at 1223 (emphasis added).
Unlike the officers' hunch that Ramirez was smoking cocaine in the stall, the instant officers had an objectively reasonable basis to believe that Powers was snorting an illegal substance in the stall he occupied with another man.
Therefore, the trial court erred in finding no probable cause, where the facts and circumstances within the instant officers' knowledge were "sufficient to warrant a person of reasonable caution to believe that an offense has been committed." Chaney, 956 So.2d at 538.
We reverse and remand for further proceedings.
GROSS, J., and ROSENBERG, ROBIN J., Associate Judge, concur.