■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNY CAMPOS, Appellant. [940 NYS2d 634]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J., at suppression hearing; Bruce Allen, J., at jury trial waiver; Daniel P. FitzGerald, J., at nonjury trial and sentencing), rendered July 20, 2009, as amended August 10, 2009, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of three to six years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant argues that the evidence did not establish the element of unlawful intent.

Late at night, defendant was screaming angrily in Spanish, a language the sole eyewitness was unable to understand. A man in the building occupied by the eyewitness spoke to defendant in Spanish, and defendant directed his angry shouting at this man. Defendant waved a machete in the air, and waved it at a building across the street. Defendant crossed the street and banged the machete on the gate of a closed store in the building at which he had been gesturing with the machete.

Some weapons are illegal per se, regardless of intent, but a machete is not one of those weapons (see Penal Law § 265.01 [1]). Possession of a machete is only criminal when the possessor intends to use it unlawfully against another (see Penal Law § 265.01 [2]). However, "[t]he possession by any person of any dagger, dirk, stiletto, dangerous knife or any other weapon, instrument, appliance or substance designed, made or adapted for use primarily as a weapon, is presumptive evidence of intent to use the same unlawfully against another" (Penal Law § 265.15 [4]).

The statute does not define the term "dangerous knife," but in context a dangerous knife is a knife that may be "characterized as a weapon" (*Matter of Jamie D.*, 59 NY2d 589, 592 [1983]). A knife, such as a machete, that has nonviolent uses "may nonetheless be determined to fall within the statutory prescription when the circumstances of its possession including the behavior of its possessor demonstrate that the possessor himself considered it a weapon" (*id.* at 591).

Defendant did not preserve his claim that the court should not have applied the presumption of intent, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. There was ample evidence that, at the time of the incident, defendant possessed the machete as a weapon. Defendant carried the machete at a time and place where its use for a lawful purpose such as agriculture was highly unlikely, he brandished it as a weapon, he tried to conceal it from the police, and he told the police he carried it as a weapon, albeit for defensive purposes. Similarly, there is no merit to defendant's assertion that his trial counsel rendered ineffective assistance by conceding the applicability of the presumption.

Even without the presumption, the circumstances support an inference of unlawful intent. Defendant argues that there was no one on the street for defendant to attack. However, the trier of fact could have reasonably concluded that defendant intended to use the machete to assault or menace someone in either or both of the two buildings at which he directed his angry shouting and actions.

The hearing court properly denied defendant's suppression motion. The combination of a radio run, a statement from an unidentified man in a parked car at the scene, and the officers' own observations provided more than enough information to warrant a common-law inquiry (*see e.g. Matter of Jamaal C.*, 19 AD3d 144, 145 [2005]). When defendant admitted that the object he had been trying to hide was a machete, the police lawfully arrested him. To the extent defendant is arguing that the police needed proof of unlawful intent in order to arrest defendant for possession of a knife that is not a per se weapon, we note that the unidentified man told the police that defendant had been waving a machete at people.

Defendant's challenge to the voluntariness of his duly executed, open-court jury waiver is unpreserved (*see People v Johnson*, 51 NY2d 986 [1980]), and we decline to review it in the interest of justice. As an alternative holding, we find that defendant made a knowing, intelligent and voluntary waiver after an appropriate inquiry (*see People v Smith*, 6 NY3d 827, 828

[2006], *cert denied* 548 US 905 [2006]). Defendant's mental competency had been established by way of a CPL article 730 examination, and there is no reason to doubt his capacity to waive a jury trial. Although there was a delay between the waiver and the trial, there was no change in circumstances that would require the trial court to inquire whether defendant wished his waiver to stand. Concur—Saxe, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.