OPINION OF THE COURT
Heidi C. Cesare, J.
The defendant, charged in count one with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) and in count two with criminal possession of knives or dangerous instruments (Administrative Code of City of NY § 10-133 [b]), moves for an order dismissing count one of the information pursuant to Criminal Procedure Law §§ 170.30, 170.35 and 100.40. For the reasons stated below, defendant’s motion to dismiss count one is granted. Defendant’s remaining motions are addressed below.[1]
A. Facial Sufficiency in General
To be facially sufficient,, an information must contain non-hearsay factual allegations providing reasonable cause to believe that the People can prove every element of the crime charged (CPL 100.40 [1] [b], [c]; People v Alejandro, 70 NY2d 133 [1987]). A court reviewing for facial sufficiency must assume that the factual allegations contained in the information are true and must consider all reasonable inferences that may be drawn from them (People v Jackson, 18 NY3d 738, 741 [2012]; see CPL 100.40 [1] [c]). Further, “[s]o long as the factual *681 allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]).
Reasonable cause to believe that a person has committed an offense “exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it” (CPL 70.10 [2]). The measure of “reasonable cause” is the equivalent of the familiar constitutional standard called “probable cause” (People v Johnson, 66 NY2d 398, 402 n 2 [1985]). For either to exist, the evidence must be strong enough to support a reasonable belief that it is more probable than not that a defendant committed a crime (see People v Mercado, 68 NY2d 874, 877 [1986]). When evidence or information which appears reliable discloses facts or circumstances “equally compatible with guilt or innocence,” the reasonable cause standard is not met (People v Carrasquilla, 54 NY2d 248, 254 [1981]).
B. The Allegations
The allegations are that on February 23, 2016, at about 7:10 p.m., during a regular security check for an event at City College building, a police officer found a “dangerous knife” with an approximately six-inch blade inside defendant’s backpack. When asked about the knife, defendant told the officer that he possessed the knife “for protection.”
C. Criminal Possession of a Weapon in the Fourth Degree
A person is guilty of criminal possession of weapon in the fourth degree when “[h]e . . . possesses any . . . dangerous knife . . . with intent to use the same unlawfully against another” (Penal Law § 265.01 [2]). Possession of “any . . . dangerous knife ... is presumptive evidence of intent to use the same unlawfully against another” (Penal Law § 265.15 [4]). The offense has two essential elements as charged in the present case: (1) knowing possession of a dangerous knife and (2) possession with intent to use unlawfully against another. Defendant contends that the factual allegations in the information are insufficient to establish that the knife possessed by de *682 fendant was “dangerous” or that his intent was to use the knife unlawfully against another.
1. Knowing possession of a dangerous knife is sufficiently pleaded.
The term “dangerous knife” has no statutory definition, “but in context a dangerous knife is a knife that may be ‘characterized as a weapon’ ” (People v Campos, 93 AD3d 581, 582 [1st Dept 2012], citing Matter of Jamie D., 59 NY2d 589, 592 [1983]). A knife that has nonviolent uses “may nonetheless be determined to fall within the statutory prescription when the circumstances of its possession including the behavior of its possessor demonstrate that the possessor himself considered it a weapon” (Matter of Jamie D. at 591).
Defendant’s statement that he possessed the knife for protection permits a reasonable inference that defendant regarded this knife as a weapon and not as a mere utensil. Since defendant regarded his knife as a weapon, the knife is a “dangerous knife” under the rationale set forth in Matter of Jamie D. For these reasons, the court finds that the first element of the offense — knowing possession of a dangerous knife — is sufficiently pleaded.
2. Intent to use the knife unlawfully against another is insufficiently pleaded.
By sufficiently pleading possession of a “dangerous knife,” the People invoke the statutory presumption under Penal Law § 265.15 (4) that defendant intended to use the knife unlawfully against another. The presumption alone is sufficient to establish reasonable cause to believe that defendant possessed the knife with intent to use unlawfully against another (People v Leyva, 38 NY2d 160, 169 [1975]). This presumption, however, like all statutory presumptions in New York is a permissive presumption (People v McKenzie, 67 NY2d 695, 696 [1986]). The presumption “allows, but does not require, the trier of fact to accept the presumed fact” (People v Galindo, 23 NY3d 719, 723 [2014]).
A finding that the presumption of intent to use unlawfully applies, however, is not the end of the court’s inquiry. When a court is called to evaluate the facial sufficiency of a misdemeanor information the court is obliged to assume the factual allegations are true and engage in an evaluation of the collective weight and persuasiveness of the allegations to determine whether reasonable cause exists (CPL 70.10 [2]; 100.40 [1] [b], [c]). Here, the allegation of significance is that defendant *683 told the arresting officer that he possessed the knife in his backpack “for protection.” In the absence of any aggravating facts and circumstances, the court finds it is reasonable to infer that defendant meant what he said, specifically, that his intention was to possess the knife for the lawful purpose of self-protection.[2]
Thus, the court must consider two competing inferences: unlawful intent by statutory presumption and lawful intent by reasonable inference. Notably, both inferences are drawn from the same allegation, affirmatively pleaded by the prosecution, that defendant told the officer he possessed the knife for protection. As the court sees no way to distinguish the relative strength of these inferences, the court finds that they are of equal and opposite strength (see e.g. People v Spry, 50 Misc 3d 1208[A], 2016 NY Slip Op 50013[U] [Crim Ct, NY County 2016]). Further, the information offers no other allegations that tip the balance one way or the other. Since the facts and circumstances in the present case favor, equally, guilty intent and innocent intent, the reasonable cause standard is not met. For these reasons, the court finds that the second element of the offense — possession with the intent to use unlawfully against another — is insufficiently pleaded.
The People invoke People v Almodovar (62 NY2d 126 [1984]) and People v Pons (68 NY2d 264 [1986]) for the proposition that “there are no circumstances when justification . . . can be a defense to the crime of criminal possession of a weapon” (Pons at 267). Almodovar and Pons, however, both involved the unlawful possession of firearms. Some weapons, such as firearms, are illegal per se, regardless of intent, but a knife is not one of those weapons (see Penal Law §§ 265.01 [2]; 265.03; People v Campos, 93 AD3d 581 [1st Dept 2012]). Possession of a knife is only criminal when the possessor intends to use it unlawfully against another (see Penal Law § 265.01 [2]). For this reason, the People’s reliance on Almodovar and Pons is unavailing.
Upon review, the court is also satisfied that the present case may be distinguished on the facts from People v Edward (51 Misc 3d 36 [App Term, 1st Dept 2016] [defendant charged with various offenses including trespass in the second degree]); *684 People v McCain (50 Misc 3d 132[A], 2015 NY Slip Op 51939[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015] [officer observed “razor knife” which could be activated to an open and locked position through force of gravity]); and People v Richards (22 Misc 3d 798 [Crim Ct, NY County 2008] [defendant was drunk and aggressive while in possession of the unsheathed knife]).
D. Conclusions
Defendant’s motion to dismiss count one of the information charging criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) is granted.
Defendant’s motion for a Mapp/Dunaway pretrial hearing is granted.
Defendant’s motion to preclude evidence of unnoticed statement or identification testimony is granted pursuant to CPL 710.30 (3).
Defendant’s motion for a Sandoval hearing is reserved to the trial part.
Defendant’s motion for an extension of time to file additional motions is denied, subject to the provisions of CPL 255.20 (3).

. In evaluating defendant’s motion, the court has considered all submissions by the parties, all documents in the court file, and all relevant cases and statutes.

. Also pertinent here is Penal Law § 35.15 which provides that a person may use physical force to defend himself, and his conduct, which would otherwise constitute an offense, is simply not criminal (see People v McManus, 67 NY2d 541, 545-546 [1986]; People v Padgett, 60 NY2d 142, 145 [1983]).