*304 OPINION OF THE COURT
Heidi C. Cesare, J.
The defendant, charged by information with one count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), moves to dismiss the information for facial insufficiency pursuant to Criminal Procedure Law §§ 170.30, 170.35 and 100.40. For the reasons stated below, defendant’s motion to dismiss is granted.[1]
The court also grants the People leave to cure the defect by filing a superseding information within the applicable time restraints (see CPL 30.30).
A. Procedural and Factual Background
On November 19, 2015, the defendant was arraigned on a criminal complaint charging one count of criminal possession of a weapon in the fourth degree. At arraignment, the court deemed the complaint an information and set a motion schedule. On December 23, 2015, defendant served and filed his omnibus motion including a motion to dismiss the information for facial insufficiency. At the next court appearance, on January 25, 2016, the People served and filed their response to defendant’s omnibus motion. On that date, the court invited the parties to supplement their briefing to address two recent decisions: People v McCain (50 Misc 3d 132[A], 2015 NY Slip Op 51939[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]) and People v Spry (50 Misc 3d 1208[A], 2016 NY Slip Op 50013[U] [Crim Ct, NY County 2016, Cesare, J.]). The court adjourned the case for decision to March 23, 2016. Off calendar, on March 8, 2016, the defendant served and filed his supplemental brief. At the next court appearance, on March 23, 2016, the People served and filed their supplemental brief. Defendant failed to appear reportedly due to a recent hospitalization. The court stayed a warrant and adjourned the case to May 20, 2016 for decision on defendant’s motions. On May 20, 2016, defendant failed to appear and the court ruled from the bench that the “box cutter” language in the information was conclu-sory. The court stayed a warrant and adjourned the case to June 17, 2016 for the People to file a superseding information. On June 17, 2016, the court was informed that defendant had been arrested on another matter in January 2016, and that the *305 People did not have a superseding information. The court stayed a warrant and adjourned the case to June 22, 2016 for the defendant to make his appearance and for the People to file a superseding information. On June 22, 2016, defendant appeared as required but the People did not have a superseding information. The court adjourned the case to September 9, 2016 indicating that this date was final for the People to serve and file a superseding information. Off calendar, on July 19, 2016, the People served and filed the present superseding information and a certificate of readiness indicating their readiness to proceed to trial. On September 6, 2016, the court arraigned the defendant on the superseding information. The court set a new motion schedule such that defendant’s motions were due on September 29, 2016 and the People’s response was due on October 21, 2016. The court adjourned the case to November 17, 2016 for decision on defendant’s motions. Defendant served and filed his notice of motion including the instant motion to dismiss for facial insufficiency on September 30, 2016. The People have not submitted a response.
The superseding information charges the defendant with one count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). The allegations are that on or about August 8, 2015 at about 2:05 a.m., in front of 1695 Madison Avenue in the County and State of New York, the deponent police officer removed one box cutter from the defendant’s front right pants pocket. The information describes the box cutter as “a handheld device with a sharp, pointed blade that extends approximately two inches from the handle when the blade is extended.” Further, “[t]he sharp edge of the blade is suitable for cutting and is dangerous.” According to the information, the defendant told the deponent officer, “People are out here for my head. I need to protect myself.”
B. Defendant’s Motion to Dismiss for Facial Insufficiency
Defendant contends that the factual allegations in the information are insufficient to establish that defendant possessed the box cutter with intent to use it unlawfully against another. The People answer that the information is facially sufficient because the box cutter is a “dangerous knife” and the statutory presumption of intent applies under Penal Law § 265.15 (4). For the reasons stated below the court finds for the defendant.
To be facially sufficient, an information must contain corroborated factual allegations providing reasonable cause to *306 believe that the People can prove every element of the crime charged (CPL 100.40 [1] [b], [c]; People v Alejandro, 70 NY2d 133 [1987]). A court reviewing for facial sufficiency must assume that the factual allegations contained in the information are true and must consider all reasonable inferences that may be drawn from them (People v Jackson, 18 NY3d 738, 741 [2012]; see CPL 100.40 [1] [c]). Further, “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]).
A person is guilty of criminal possession of a weapon in the fourth degree when “[h]e . . . possesses any . . . dangerous knife . . . with intent to use the same unlawfully against another” (Penal Law § 265.01 [2]). Possession of “any . . . dangerous knife ... is presumptive evidence of intent to use the same unlawfully against another” (Penal Law § 265.15 [4]). The offense has two essential elements as charged in the present case: (1) knowing possession of a dangerous knife and (2) possession with intent to use unlawfully against another.
In assessing this information for facial sufficiency, the People assert that the court “must view the facts in the light most favorable to the People” (see People’s supp briefing on defendant’s motion to dismiss f 7). The court, however, declines to adopt the deferential standard of proof suggested by the People. The correct standard of proof is set by statute at CPL 70.10 (2):
“ ‘Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.”
The measure of “reasonable cause” is the equivalent of the familiar constitutional standard called “probable cause” (People v Johnson, 66 NY2d 398, 402 n 2 [1985]). For either to exist, the evidence must be strong enough to support a reasonable belief that it is more probable than not that a defendant committed a crime (see People v Mercado, 68 NY2d 874, 877 [1986]). When evidence or information, which appears reliable, discloses facts or circumstances “equally compatible with guilt *307 or innocence,” the reasonable cause standard is not met (People v Carrasquillo, 54 NY2d 248, 254 [1981]).
1. Knowing Possession of a Dangerous Knife is Sufficiently Plead.
The term “dangerous knife” has no statutory definition, “but in context a dangerous knife is a knife that may be ‘characterized as a weapon’ ” (People v Campos, 93 AD3d 581, 582 [1st Dept 2012], citing Matter of Jamie D., 59 NY2d 589, 592 [1983]). A knife that has nonviolent uses “may nonetheless be determined to fall within the statutory prescription when the circumstances of its possession including the behavior of its possessor demonstrate that the possessor himself considered it a weapon” (Matter of Jamie D. at 591).
The information describes the box cutter as a tool with a sharp, pointed, two-inch blade, suitable for cutting. Defendant’s statement that he possessed the box cutter for protection permits a reasonable inference that defendant regarded this tool as a weapon and not as a mere utensil. Since defendant regarded his box cutter as a weapon, the box cutter is a “dangerous knife” under the rationale set forth in Matter of Jamie D. For these reasons, the court finds that the first element of the offense—knowing possession of a dangerous knife—is sufficiently plead.
2. Intent to Use the Box Cutter Unlawfully against Another is Insufficiently Plead.
By sufficiently pleading possession of a “dangerous knife,” the People invoke the statutory presumption under Penal Law § 265.15 (4) that defendant intended to use the box cutter unlawfully against another. The presumption alone is sufficient to establish reasonable cause to believe that defendant possessed the knife with intent to use it unlawfully against another (People v Leyva, 38 NY2d 160, 169 [1975]). This presumption, however, like all statutory presumptions in New York is a permissive presumption (People v McKenzie, 67 NY2d 695, 696 [1986]). The presumption “allows, but does not require, the trier of fact to accept the presumed fact” (People v Galindo, 23 NY3d 719, 723 [2014]).
A finding that the presumption of intent to use unlawfully applies, however, is not the end of the court’s inquiry. When a court is called to evaluate the facial sufficiency of a misdemeanor information the court is obliged to assume the factual allegations are true and engage in an evaluation of the collective weight and persuasiveness of the allegations to determine *308 whether reasonable cause exists (CPL 70.10 [2]; 100.40 [1] [b], [c]). Here, the factual allegations are that at about 2:00 a.m. on a summer night in August of 2015, while in front of a building on Madison Avenue in New York County, the defendant possessed a box cutter in his right front pants pocket. When asked about the box cutter, the defendant told a police officer that he possessed the box cutter “to protect myself.” For purposes of facial sufficiency analysis, the court accepts these allegations as true.
The dilemma is what inference, if any, should the court draw from defendant’s statement that he possessed the box cutter for the lawful purpose of self-protection? The People argue that the court should infer that the defendant is a liar because, “[d]efendants lie frequently, and they are particularly likely to lie to police officers when they are being arrested” (People’s supp briefing on defendant’s motion to dismiss ¶ 7). The court rejects the People’s premise. On the factual allegations pleaded by the People, the court sees no reasonable basis to infer that the defendant is probably a liar. Further, absent any aggravating allegations concerning the facts and circumstances of defendant’s possession of the box cutter, the court finds it is reasonable to infer that defendant meant what he said, specifically, that he possessed the knife for the lawful purpose of self-protection.[2]
Thus, the court must consider two competing inferences: unlawful intent by statutory presumption and lawful intent by reasonable inference. Notably, both inferences are drawn from the same allegation, affirmatively pleaded by the prosecution, that defendant told the officer he possessed the box cutter for protection. As the court sees no way to distinguish the relative strength of these inferences, the court finds that they are of equal and opposite strength (see e.g. People v Dudley, 53 Misc 3d 679 [Crim Ct, NY County 2016]; People v Spry, 50 Misc 3d 1208[A], 2016 NY Slip Op 50013[U] [Crim Ct, NY County 2016]; but see People v Monroe-Francis, 51 Misc 3d 1202[A], 2016 NY Slip Op 50349[U] [Crim Ct, NY County 2016]; People v Jones, 50 Misc 3d 1217[A], 2016 NY Slip Op 50126[U] [Crim Ct, NY County 2016]). The present information includes no al *309 legations to tip the balance one way or the other. Since the facts and circumstances in the present case favor, equally, guilty intent and innocent intent, the reasonable cause standard is not met. For these reasons, the court finds that the second element of the offense—possession with the intent to use unlawfully against another—is insufficiently plead.
The People invoke People v Almodovar (62 NY2d 126 [1984]) and People v Pons (68 NY2d 264 [1986]) for the proposition that “there are no circumstances when justification . . . can be a defense to the crime of criminal possession of a weapon” (Pons at 267). Almodovar and Pons, however, both involved the unlawful possession of firearms. Some weapons, such as firearms, are illegal per se, regardless of intent, but a knife is not one of those weapons (see Penal Law §§ 265.01 [1], [2]; 265.03; People v Campos, 93 AD3d 581 [1st Dept 2012]). Under Penal Law § 265.01 (2), possession of a knife is only criminal when the possessor intends to use the knife unlawfully against another. For this reason, the People’s reliance on Almodovar and Pons is unavailing.
Upon review, the court is also satisfied that the present case may be distinguished on facts from People v Edward (51 Misc 3d 36 [App Term, 1st Dept 2016] [criminal complaint found sufficient where defendant charged with various offenses including trespass in the second degree]); People v McCain (50 Misc 3d 132[A], 2015 NY Slip Op 51939[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015] [criminal complaint found sufficient where officer observed “razor knife” which could be activated to an open and locked position through force of gravity]); and People v Richards (22 Misc 3d 798 [Crim Ct, NY County 2008] [information found sufficient where defendant was drunk and aggressive while in possession of unsheathed knife]).
C. Defendant’s Other Arguments
Defendant contends that the information should be dismissed as unconstitutional under the Second Amendment and District of Columbia v Heller (554 US 570 [2008]). The court declines to address this argument as deemed moot by the court’s decision to grant defendant’s motion to dismiss for facial insufficiency.
D, Conclusion
For the reasons stated above, the court finds that the second element of the offense—possession with the intent to use un *310 lawfully against another—is insufficiently plead. Defendant’s motion to dismiss the superseding information charging one count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) is granted. As this defect appears to the court to be curable, the court grants the People leave to file a superseding information within the applicable time restraints (see CPL 30.30).

. In evaluating defendant’s motion, the court has considered all submissions by the parties, all documents in the court file, and all relevant cases and statutes.

. Also pertinent here is Penal Law § 35.15 which provides that a person may use physical force to defend himself, and his conduct, which would otherwise constitute an offense, is simply not criminal (see People v McManus, 67 NY2d 541, 545-546 [1986]; People v Padgett, 60 NY2d 142, 145 [1983]).