OPINION OF THE COURT
Heidi C. Cesare, J.
The defendant, Omar Abdalla, is charged in a two count information with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]) (count one) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) (count two). Defendant moves pursuant to Criminal Procedure Law §§ 100.40 and 170.30 to dismiss count one as facially insufficient.
Defendant contends that count one is facially insufficient because it fails to sufficiently allege that (1) the knife defendant possessed was a “dangerous knife” and (2) defendant had the intent to use the same unlawfully against another. The People invoke People v Edward (51 Misc 3d 36 [App Term, 1st Dept 2016]) for the proposition that “defendant’s statement that he was carrying a knife for protection” is sufficient to support both contested elements. While the court finds in favor of the People, the court’s analysis of the legal issues differs from the People’s. For the reasons stated below, defendant’s motion is denied.*
The Allegations
The accusatory instrument sworn out by New York City Police Department Police Officer Christopher Joyce, provides that on October 29, 2016, at about 2:30 a.m., at the northeast corner of East 2nd Street and the Bowery, in the County and State of New York, the following occurred:
“[Deponent officer] took two bags containing cocaine from the defendant’s front right jacket pocket.
“[Deponent officer knew] that the bags contained cocaine based on [deponent officer’s] professional training as a police officer in the identification of drugs, [deponent officer’s] prior experience as a police officer making drug arrests, and [deponent officer’s] observation of the packaging, which is characteristic of cocaine.
“[Deponent officer] took one box cutter from the defendant’s front right jacket pocket. The defendant *1022 stated in substance to [deponent officer], T carry it for protection because I got jumped before.’ ”
Facial Sufficiency
A facially sufficient information must contain nonhearsay factual allegations providing reasonable cause to believe that the People can prove every element of the crime charged (CPL 100.40 [1] [b], [e]; People v Alejandro, 70 NY2d 133 [1987]).
The measure of “reasonable cause” is the equivalent of the familiar constitutional standard called “probable cause” (People v Johnson, 66 NY2d 398, 402 n 2 [1985]). For either to exist, the evidence must be strong enough to support a reasonable belief that it is more probable than not that a defendant committed a crime (see People v Mercado, 68 NY2d 874, 877 [1986]). When evidence or information, which appears reliable, discloses facts or circumstances “equally compatible with guilt or innocence,” the reasonable cause standard is not met (People v Carrasquillo, 54 NY2d 248, 254 [1981]).
A court reviewing for facial sufficiency must assume that the factual allegations contained in the information are true and must consider all reasonable inferences that may be drawn from them (People v Jackson, 18 NY3d 738, 741 [2012]; see CPL 100.40 [1] [c]). Further, “[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (People v Casey, 95 NY2d 354, 360 [2000]).
Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01 [2])
A person is guilty of criminal possession of a weapon in the fourth degree when “[h]e . . . possesses any . . . dangerous knife . . . with intent to use the same unlawfully against another” (Penal Law § 265.01 [2]). Possession of “any . . . dangerous knife ... is presumptive evidence of intent to use the same unlawfully against another” (Penal Law § 265.15 [4]). The offense has two essential elements as charged in the present case: (1) knowing possession of a dangerous knife and (2) possession with intent to use unlawfully against another.
The term “dangerous knife” has no statutory definition, “but in context a dangerous knife is a knife that may be ‘characterized as a weapon’ ” (People v Campos, 93 AD3d 581, 582 [1st Dept 2012], citing Matter of Jamie D., 59 NY2d 589, 592 [1983]). A knife that has nonviolent uses “may nonetheless be *1023 determined to fall within the statutory prescription when the circumstances of its possession including the behavior of its possessor demonstrate that the possessor himself considered it a weapon” (Matter of Jamie D. at 591).
Here, the pertinent allegations are that defendant possessed a box cutter in his jacket pocket and defendant told the deponent officer that he possessed the knife for protection. Defendant’s statement that he possessed the box cutter for protection permits a reasonable inference that defendant regarded this tool as a weapon and not as a mere utensil. Since defendant regarded his box cutter as a weapon, the box cutter is a “dangerous knife” under the rationale set forth in Matter of Jamie D.
By sufficiently pleading possession of a “dangerous knife,” the People invoke the statutory presumption under Penal Law § 265.15 (4) that defendant intended to use the box cutter unlawfully against another. The presumption alone is sufficient to establish reasonable cause to believe that defendant possessed the knife with intent to use unlawfully against another (People v Leyva, 38 NY2d 160, 169 [1975]). This presumption, however, like all statutory presumptions in New York is a permissive presumption (People v McKenzie, 67 NY2d 695, 696 [1986]). The presumption “allows, but does not require, the trier of fact to accept the presumed fact” (People v Galindo, 23 NY3d 719, 723 [2014]). A finding that the presumption of intent to use unlawfully applies is not the end of the court’s inquiry. When a court is called to evaluate the facial sufficiency of a misdemeanor information the court is obliged to assume the factual allegations are true and engage in an evaluation of the collective weight and persuasiveness of all the allegations to determine whether reasonable cause exists (CPL 70.10 [2]; 100.40 [1] [b], [c]).
According to the allegations, at the time of his arrest, defendant possessed a quantity of illegal narcotics as well as a box cutter. He told the deponent officer that he possessed the box cutter for the legitimate purpose of self-defense (see Penal Law § 35.15). The court, however, will not infer that defendant’s intent was to use the box cutter solely for the legitimate purpose of self-defense where defendant was allegedly engaged in other illegal activity at the same time. Here, the court must consider the collective weight of defendant’s possession of two bags of cocaine, defendant’s possession of a box cutter, defendant’s statement to the police officer, and the statutory presump *1024 tion. The collective weight of the allegations along with the statutory presumption permits reasonable cause to believe that defendant had the intent to use the box cutter unlawfully against another (see e.g. People v Monroe-Francis, 51 Misc 3d 1202[A], 2016 NY Slip Op 50349[U] [Crim Ct, NY County 2016]; cf. People v Oldham, 54 Misc 3d 303 [Crim Ct, NY County 2016]).
The People invoke People v Edward (51 Misc 3d 36 [App Term, 1st Dept 2016]) for the proposition that “defendant’s statement that he was carrying a knife for protection” is sufficient to support both contested elements. Like the present case, Edward involved a defendant accused of possessing a box cutter who claimed to possess the same for self-protection. In Edward, the Supreme Court, Appellate Term for the First Department, held that the criminal complaint charging criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), trespass in the second degree, and various other offenses was jurisdictionally valid despite defendant’s claim that he possessed the box cutter for self-protection. Edward, however, involved a challenge to a criminal complaint where the defendant had waived prosecution by information. The defendant in the present case has not waived prosecution by information. The court is mindful of the Court of Appeals’ recent admonishment on the subject of facial sufficiency, “We continue to stress that an information must satisfy significantly more stringent facial sufficiency requirements than those applicable to a complaint” (People v Smalls, 26 NY3d 1064, 1067 [2015]). For these reasons, the court is satisfied that the present case may be distinguished on facts from People v Edward (51 Misc 3d 36 [App Term, 1st Dept 2016]).
Conclusion
For the foregoing reasons the court finds that the present information sufficiently alleges that defendant possessed a dangerous knife and that he possessed the same with intent to use unlawfully against another. Defendant’s motion to dismiss count one, criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), is denied.
Motion to Suppress Physical Evidence
Defendant’s motion is granted to the extent that a Mapp hearing is granted.
Motion to Preclude
Defendant’s motion to preclude unnoticed statement and identification evidence is granted pursuant to CPL 710.30 (3).
*1025 Sandoval Motion
A Sandoval hearing is reserved to the trial court. Reservation of Rights
The right to make further motions is granted to the extent indicated in CPL 255.20.

 In evaluating defendant’s motion, the court has considered all submissions by the parties, all documents in the court file, and all relevant cases and statutes.