People v Edey (2020 NY Slip Op 02736)





People v Edey


2020 NY Slip Op 02736


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, JJ.


11463 4745N/15 4853N/15

[*1] The People of the State of New York, Respondent,
v
Stephen Edey, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Rebecca Hausner of counsel), for respondent.



Judgment, Supreme Court, New York County (Neil E. Ross, J.), rendered September 20, 2017, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree and conspiracy in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of three years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (People v Thomas, 2019 NY Slip Op 08545 [2019]). Even had we found that he had waived his right to appeal, we would have found that the court properly denied his suppression motion. There was probable cause for defendant's arrest and the search of the vehicle in which he was a passenger. According to an informant who was feigning participation in the crime while actually communicating with the police, a convoy of three cars had gathered in a parking lot and were on their way to commit a robbery involving a shipment of narcotics. Based on the totality of the hearing evidence, the inference was inescapable that the car at issue was part of the convoy and was not merely traveling behind the other two cars. The inference was equally strong that defendant was in the car for the purpose of participating in the robbery, and not for some innocent reason. Given the circumstances, it is reasonable to "conclude that only trusted members of the operation would be permitted to enter [the car]" (People v Bundy, 90 NY2d 918, 920 [1997]). Even if there was "an innocent explanation for this highly suspicious sequence of events," there was still "probable cause for defendant's arrest, because probable cause does not require proof beyond a reasonable doubt" (People v Ginyard, 16 AD3d 239, 240 [1st Dept 2005], lv denied 5 NY3d 789 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK