People v Sistrunk (2022 NY Slip Op 06763)

People v Sistrunk

2022 NY Slip Op 06763

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Acosta, P.J., Kern, Singh, Scarpulla, Pitt, JJ. 

Ind. No. 4683/17 Appeal No. 16756 Case No. 2020-01609 

[*1]The People of the State of New York, Respondent,
v
Eric Sistrunk, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth M. Vasily of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (David Gagne of counsel), for respondent.

Judgment, Supreme Court, New York County (Diane Kiesel, J.), rendered January 23, 2020, convicting defendant, after a nonjury trial, of rape in the third degree, criminal sexual act in the third degree and unlawful imprisonment in the second degree, and sentencing him, as a second felony offender, to an aggregate term of four years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the court's credibility determinations. The victim's testimony was corroborated by, among other things, prompt outcry evidence. We do not find that the victim's emotional outbursts while testifying about the sexual assault or her behavior on the witness stand undermined her credibility with respect to the events at issue. The court was best able to observe and assess the victim's demeanor and credibility.
Defendant, who signed a valid jury waiver in open court, did not preserve his challenge to the adequacy of the court's inquiry into his comprehension of the waiver (see People v Johnson, 51 NY2d 986 [1980]), and we decline to review it in the interest of justice. As an alternative holding, we find that defendant made a knowing, intelligent and voluntary waiver after an appropriate colloquy (see People v Smith, 6 NY3d 827, 828 [2006], cert denied 548 US 905 [2006]). Nothing in the record casts doubt on defendant's understanding of the proceedings or suggests that further inquiry by the court was necessary (see People v Campos, 93 AD3d 581, 583 [1st Dept 2012], lv denied 19 NY3d 971 [2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022